McGUIRE v. BENTON STATE BANK.

5-2005                                                    331 S. W. 2d 258

Opinion delivered February 1, 1960.

*J. B. Milham,* for appellant.

*Fred E. Briner,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, J. W. McGuire, filed this suit against the Benton State Bank, alleging that he had $6,075 in the bank as a joint account with his wife; that he had attempted to withdraw the money and the bank would not permit such withdrawal. McGuire prayed judgment against the bank for the amount of the deposit. The bank answered, alleging that the money was in a savings account in the name of Mr. and Mrs. J. W. McGuire; that at the time said deposit was made a savings book was issued to the depositors, in which book it is provided that same must be presented when money is deposited or withdrawn from said account; that said book also provides that

"payments may be made without production of the pass book, if the depositor shall prove to the satisfaction of the bank that his book has been lost, stolen, or destroyed." The bank further alleged in its answer that it had reason to believe that "Mrs. J. W. McGuire holds the said pass book and under the terms of such account, would be a necessary party to this suit before any action could be taken", and asked that Mrs. McGuire be made a party defendant. Mrs. McGuire filed an answer in which she admitted there was a joint account with her husband in the bank in the sum of $6,075 and alleged she has the deposit book in her possession. She further alleged that she has not requested the Benton State Bank to pay over the said funds. She denied all the other allegations of the complaint.

Upon trial of the cause it appeared that there was $6,075 in the bank in the joint account of Mr. and Mrs. McGuire; that the bank had refused to cash Mr. McGuire's check for the money; that Mrs. McGuire has the bank book, and that she and Mr. McGuire have separated. The bank book itself was not introduced in evidence; McGuire attempted to require Mrs. McGuire to put it in evidence, but the court overruled his motion to that effect. It does appear that there are photostatic copies of portions of the bank book in the record, and there is printed on the base of the bank book: "This book must be presented when money is deposited or withdrawn." The bank offered to deposit the money in the registry of the court, but McGuire would not consent to this . He was contending that he should have judgment against the bank for the amount of the deposit and his costs. After McGuire had proved the deposit and the bank's refusal to let him withdraw the money, he rested his case. Neither the bank nor Mrs. McGuire put on any evidence whatever. The bank demurred to the evidence. The court sustained the demurrer and dismissed the cause with prejudice.

Obviously the bank did not feel that it could safely pay the money to Mr. McGuire, knowing there was a controversy between him and Mrs. McGuire as to the own-

ership of the money, and that under the agreement between the parties when the deposit was made the bank could insist on the bank book being presented when a withdrawal was made, or that good reason be shown why the book could not be presented. It is self-evident that there is a controversy between Mr. and Mrs. McGuire as to the ownership of the money. All parties were in court, and the bank offered to deposit the money in court. The ownership of the money will have to be determined sometime, and there is no good reason why it cannot be done in this litigation. The decree is therefore reversed with directions to overrule the demurrer and proceed to a full development of the cause.

Reversed.

McFADDIN, J., concurs; HARRIS, C. J., dissents.

ED. F. McFADDIN, Associate Justice, (Concurring). At the close of the plaintiff's case the Court sustained the Bank's demurrer to Mr. McGuire's evidence and dismissed the case *insofar as concerned* Mr. McGuire. If there had been only the two parties to the suit (*i.e.*, Mr. McGuire and the Bank), then the Court's decision would have been correct, as I see the law and the facts. But a demurrer to the evidence should be sustained only when the court may "dismiss the cause of action"; and that means the entire cause of action of all the parties and not merely one angle to the controversy.

There was another party to this case of Mr. McGuire versus the Bank; and that third party was Mrs. McGuire. The Bank had, by its answer, caused Mrs. McGuire to be brought in as a defendant;[1] Mrs. McGuire had answered;[2]

---

[1] The Bank's answer contained this language: "Defendant further states that it has reason to believe that Mrs. J. W. McGuire holds the said pass books and under the terms of such account, would be a necessary party for this suit before any action could be taken upon. That under Ark. Stat. 27-814, the Court should require that Mrs. J. W. McGuire be made a party defendant in this cause."

[2] She admitted that she had the deposit book and denied every allegation in Mr. McGuire's complaint.

and Mr. McGuire had filed a response[3] to Mrs. McGuire's answer. The Bank had offered to deposit the fund in Court, but had not done so. With all of the above in the record, the Court should not have sustained the Bank's demurrer to Mr. McGuire's evidence because there still remained the dispute and controversy between Mr. McGuire and Mrs. McGuire as to who was entitled to the money.

A demurrer to the plaintiff's evidence should not be sustained unless the sustaining of the demurrer permits the court to "dismiss the cause of action". Those are the words contained in Act No. 470 of 1949 (§ 27-1729 Ark. Stats.). They mean the entire case and not merely part of it. In the case at bar, the sustaining of the Bank's demurrer to Mr. McGuire's evidence only disposed of one angle of the controversy, and, therefore, the demurrer should not have been sustained.

CARLETON HARRIS, Chief Justice, dissenting. Admittedly, appellant did not comply with regulations for withdrawing money from a joint savings account. Printed on the book is the requirement "this book must be presented when money is deposited or withdrawn." Of course, such a requirement is not absolute, for one might show that he had actually lost a book, or for other *bona fide* reason could not present same, and no one would dispute that in such event, he would be entitled to receive his money. Here, as cited by the majority, "obviously the bank did not feel that it could safely pay the money to Mr. McGuire, knowing there was a controversy between him and Mrs. McGuire as to the ownership of the money, and that under the agreement between the parties when the deposit was made the bank could insist on the bank book being presented when a withdrawal was made, or that good reason be shown why the book could not be presented. It is self-evident that there is a controversy between Mr. and Mrs. McGuire as to the ownership of the money." To my way of thinking,

---

[3] He set up in the response that she had obtained an order against him for separate maintenance and that the money in the bank was his. We know from statements made in the oral argument of this cause before this Court that the separate maintenance suit is the same one that is now before us as Case No. 2006, with an opinion this day delivered.

the bank would have been foolish under those circumstances to have honored Mr. McGuire's check, for Mrs. McGuire might have presented the book anytime thereafter, and demanded the money.

The bank was only interested in protecting itself from liability. In open court, counsel for the bank stated:

"***Of course, the Bank has no desire to become involved in any litigation among two depositors and for that reason we are holding the money down there until the Court orders to whom the money goes to and for that reason I would like to request this Court to permit the Bank to deposit this money into the registry of the Court until the Court decides to whom the money goes and that the Bank be released from any further duty or obligations in this case, and let me add one other thing. I don't think either Attorney would have any objections to this because it will make both cases more simple."

Counsel for Mr. McGuire strenuously objected to this being done. It seems to me, that as a result of this reversal, in which a further hearing is directed, the bank is being subjected to possible liability,[1] though it has acted in good faith at all times. Certainly the bank showed that good faith by offering to pay the money into the registry of the court.

At the conclusion of the testimony introduced by appellant, the bank, by written motion, moved for a verdict because of the insufficiency of the evidence against it. I find no evidence in the record that would justify a judgment against the bank, and am accordingly of the opinion that the court was correct in granting this motion.

I therefore respectfully dissent.

---

[1] Depending on disposition of the money subsequent to the court's decree.