McGUIRE *v*. BENTON STATE BANK.

5-2284                                                  342 S. W. 2d 77

Opinion delivered January 16, 1961.

*J. B. Milham,* for appellant.

*Fred E. Briner,* for appellee.

GEORGE ROSE SMITH, J. In 1959 the appellant and his wife were living apart from each other and had the sum of $6,075 on deposit in a joint savings account in the appellee bank. Mrs. McGuire obtained possession of the passbook, and for that reason the bank refused to permit the appellant to draw money from the account. The appellant brought this suit against the bank, asking either that the account be changed to his name only or that he have judgment for the sum on deposit. The bank filed an answer bringing Mrs. McGuire into the

case and offering to pay out the money in accordance with its regulations, which require a presentation of the passbook. In the course of the first trial the bank offered to pay the money into court, but the appellant's attorney refused this offer. At the close of the plaintiff's proof the chancellor sustained a demurrer to the evidence, but on appeal we directed that the ownership of the funds be determined on the merits. *McGuire* v. *Benton State Bank,* 231 Ark. 608, 331 S. W. 2d 258.

At the time of the final hearing the proof showed that there was then only $1,900 left in the account, the rest of the money having been withdrawn by Mrs. McGuire. Her withdrawals were of two sorts: First, on the day after the chancellor sustained the demurrer to the evidence Mrs. McGuire drew out half the money in the account. Secondly, in a pending suit for separate maintenance Mrs. McGuire had been awarded temporary alimony and attorney's fees. *McGuire* v. *McGuire,* 231 Ark. 613, 331 S. W. 2d 257. It appears that in the interval between the two trials that were had in the case at bar Mrs. McGuire collected the sums due her by cashing checks drawn against that half of the account remaining in the bank.

At the conclusion of the final hearing the chancellor delivered an oral opinion holding that the original account of $6,075 belonged equally to the husband and wife and, further, that the $1,900 still on hand should be held in the registry of the court until McGuire's exact indebtedness to his wife could be determined in the separate maintenance suit. The final decree, entered several months after the trial, confirmed the equal division of the account, directed that the remaining $1,900 be paid to McGuire, and absolved the bank from any liability to McGuire. This appeal is from that decree.

In substance the appellant urges two points for reversal. First, it is contended that the chancellor was in error in holding that the amount originally in the account should be divided equally. McGuire proved that all the money on deposit came from his earnings through

the years as a railroad employee. On the basis of this proof he insists that the money was entirely his and that his wife should receive none of it, or at most not more than the one third allowed by statute in divorce cases. Ark. Stats. 1947, § 34-1214.

We think the chancellor's decision was correct. A joint bank account such as this one has been held to constitute an estate by the entirety in the sense that upon the death of either spouse the title passes to the survivor. *Dickson* v. *Jonesboro Trust Co.*, 154 Ark. 155, 242 S. W. 57; *Black* v. *Black,* 199 Ark. 609, 135 S. W. 2d 837. But while both spouses are alive the estate is not a true common-law tenancy by the entirety, for, as we observed in the cases cited, either of the owners may extinguish the joint estate as to any part of the money that is withdrawn from the account and reduced to separate possession. Hence in a case like this one the intention of the parties and all other pertinent circumstances must be considered in determining the question of ownership.

We do not agree with McGuire's contention that the issue of title is to be decided solely as between him and the bank, without regard to the fact that Mrs. McGuire is a party to the suit and the additional fact that a separate maintenance case is shown to be pending. On the first appeal we recognized the existence of a dispute between the McGuires, saying: "It is self-evident that there is a controversy between Mr. and Mrs. McGuire as to the ownership of the money. . . . The ownership of the money will have to be determined sometime, and there is no good reason why it cannot be done in this litigation." The judgment in this case will be *res judicata* in any other proceedings between the husband and the wife. Hence the issue should not be confined to the dispute between the appellant and the bank.

Upon the proof as a whole we cannot say that the chancellor was wrong in finding that the funds belonged equally to Mr. and Mrs. McGuire. At the time of their separation the couple had been married for twenty-two

years. Although Mrs. McGuire did not contribute directly to the bank account it is quite evident that the family's ability to save was due in a substantial measure to her assistance in supporting the household. The McGuires lived for years upon a homestead that Mrs. McGuire had received from her first husband. Mrs. McGuire had no children of her own, but she brought up Mr. McGuire's two children by an earlier marriage. The money she earned by taking in washing and ironing and by baby sitting was used to meet household expenses. The couple had kept their savings in a joint account since 1947. We are of the opinion that Mrs. McGuire was legally and equitably an equal co-owner of the account.

The appellant's second contention is that the bank, by honoring Mrs. McGuire's checks during the pendency of this suit, rendered itself liable to him for the full amount of her withdrawals. In making this argument the appellant relies upon two statutes. First, Ark. Stats., § 67-521, permits a bank to make payments from a joint account to either depositor "prior to the receipt by said bank of notice in writing signed by one of such joint tenants not to pay such deposit in accordance with the terms thereof." It is suggested that the appellant's complaint constituted the requisite written notice. Secondly, Ark. Stats., § 67-523, provides that notice to a bank of an adverse claim to a deposit standing to the credit of any person shall be effectual if the claimant procures a process against the bank in a cause wherein the person to whose credit the deposit stands is made a party. It is contended that the summons served upon the bank constituted a process within the meaning of the statute.

We think it to be immaterial whether the bank violated either or both of the statutes in question, for even if it be assumed that a violation occurred it does not necessarily follow that the bank has incurred any liability to the appellant. The purpose of the statutes is to require the bank to keep the deposit intact until its ownership can be determined. If that course had been

followed it does not appear to us that the appellant's position would be any better than it is now. That is, the court should still have awarded half the account to Mrs. McGuire and, by consolidating the two pending cases, could still have charged McGuire's half of the account with his delinquent indebtedness for alimony and attorney's fees. Thus the appellant has not sustained the burden of proving that he has been prejudiced by the bank's action in honoring Mrs. McGuire's checks. We do not find in the two statutes any legislative intention that a merely technical violation, resulting in no actual loss to the complainant, should entail either a penalty against the bank or a windfall to the depositor. Hence the chancellor was right in dismissing the complaint against the bank.

Affirmed.