DELTIC FARM & TIMBER CO. *v.* MANNING, ADM'X.

5-3446                              389 S. W. 2d 435

Opinion delivered April 5, 1965

[Rehearing denied May 17, 1965.]

CRUMPLER & O'CONNOR, WILLIAM J. WYNNE, for appellant.

*Bernard Whetstone,* for appellee.

FRANK HOLT, Associate Justice. This action resulted from an almost direct head-on collision between two trucks. The appellee brought this action seeking to recover damages resulting from the death of her husband,

Roy Manning, alleging that the collision was caused by the gross and culpable negligence of the appellant, R. C. Brown, Jr., who was an employee of appellant Deltic Farm and Timber Company, Inc. The appellants answered denying any negligence on their part and pleaded Manning's carelessness and negligence in bar of appellee's right to recover. The appellants filed a motion for a summary judgment pursuant to Ark. Stat. Ann. § 29-211 (Repl. 1962). The motion was overruled by the court. Immediately prior to trial appellants renewed their motion for a summary judgment and again it was overruled by the court. The appellee filed no formal answer or counter affidavits to either motion. At the close of appellee's testimony and again at the conclusion of all the testimony appellants filed motions for directed verdicts both of which were overruled by the court. The jury returned a verdict in the amount of $2,500.00 for the benefit of the estate and nothing for the widow and children. From the judgment on this verdict appellants bring this appeal. There is no cross-appeal.

For reversal appellants first contend the court erred in refusing to grant their motion for a summary judgment. Appellants argue that the pleadings, depositions and affidavits reflect that no genuine issue as to any material fact exists and, therefore, as a matter of law the court should have rendered a summary judgment. We think the trial court correctly refused appellants' motion for a summary judgment. It is well settled that *any testimony* submitted with a motion for a summary judgment must be viewed in the light most favorable to the party against whom the motion is made with all doubts and inferences being resolved against the movant. *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89. With this in mind we proceed to review the evidence in the light most favorable to appellee.

The deposition of the appellant R. C. Brown, Jr., was one of the depositions submitted by the appellants in support of their motion for a summary judgment. According to appellant Brown's deposition, an employee of appellant Deltic Farm and Timber Company, Inc., he

was driving their truck to work early in the morning when the accident occurred on a clear day upon a straight stretch of a rural gravel road; the road was of average width with enough room for two vehicles to meet and pass each other; appellant Brown met a school bus which was creating a dense cloud of dust; the school bus was of unusual width as compared to a normal vehicle; there were shallow ditches on both sides of the road; appellant Brown, traveling approximately 30 to 35 miles per hour, did not reduce his speed as he approached, passed the school bus and entered the cloud of dust so dense that he could not see more than 10 to 15 feet ahead of him. Before entering the dust he never saw the truck being driven by the deceased who was following the school bus. According to appellant Brown there was no difference in the density of the dust from the point where he first observed the approaching bus until he passed it. He didn't know how much visibility he had into the dust before entering it. According to him, ''I wasn't watching the dust. I was watching the bus and the road.'' The collision occurred almost immediately as he entered the cloud of dust and just as he saw the outline of the deceased's truck in front of him partially blocking his path and before he had time to put his foot on the brake. According to appellant Brown the impact of his truck knocked the deceased's truck backward approximately 6 feet and to Brown's left. Appellant Brown's vehicle followed the backward direction of Manning's vehicle for the 6 feet and to appellant's left.

A motion for a summary judgment is an extreme remedy and the burden of demonstrating the nonexistence of a genuine fact issue is upon the party moving for the summary judgment. *Wirges* v. *Hawkins,* 238 Ark. 100, 378 S. W. 2d 646. Further, where the evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypothesis might reasonably be drawn and reasonable men might differ, then a motion for a summary judgment is not proper. *Winter Park Telephone Co.* v. *Southern Bell Telephone & Telegraph Co.,* 181 F. 2d 341 (5th Cir. 1950). We are of the

view that the testimony of appellant Brown as reflected by his deposition is alone sufficient to raise a factual issue about which the minds of reasonable men might differ whether controverted or not. We cannot say that as a matter of law appellants were entitled to a judgment.

Appellants further contend for reversal that the appellee has not met the required burden of proof to establish appellants' negligence and that such negligence was a proximate cause of the alleged injuries and that the injuries were the natural and probable consequence of appellants' negligence and that such should have been foreseen. Appellants also contend that appellee is not entitled to a recovery if the negligence of Manning equaled or exceeded the negligence of appellants; and the court erred in refusing to grant appellants' motions for a directed verdict. Thus, in effect, appellants question the sufficiency of the evidence to sustain the verdict of the jury.

The evidence previously discussed in appellant Brown's deposition in support of appellants' motion for summary judgment was also submitted to the jury. We have already said that his deposition alone created a factual issue and, therefore, the motion for summary judgment is the same as that which underlies a motion for a directed verdict. *Russell* v. *City of Rogers, supra.* In addition the appellee presented other evidence including the bus driver as a witness. He testified that the two vehicles approached each other in the center of the road "where everybody was driving.  *  *  *  When I first met it [Deltic truck] it was in the center of the road. He pulled over out of the center and put one wheel in this rut over what I was traveling in and one over here on the shoulder and I pulled over and one wheel on my side and one out in the other direction." According to the bus driver, it created more dust when he pulled out of the ruts onto the soft portion of the road. He couldn't tell that appellant Brown "slowed down a bit".

There was also evidence that Manning made a dying declaration that "A big white thing just came down on

me. I tried to get out of its way, but I couldn't." Further, that he "was driving behind a school bus and the school bus made a quick pull over to the right and it was so much dust that it blinded him and he couldn't see and he said he stopped or almost stopped and said this truck hit him about the time he saw it. * * * he said he tried to get out of the way. He said, 'I didn't have time.'."

We have often held that in determining the sufficiency of the evidence to sustain a verdict, the evidence must be viewed with every reasonable inference deducible therefrom in the light most favorable to the appellee and if there is any substantial evidence we must affirm. *Arkansas Power & Light Co.* v. *Connelly*, 185 Ark. 693, 49 S. W. 2d 387; *Davis* v. *Bullard*, 231 Ark. 898, 333 S. W. 2d 481; *Harkrider* v. *Cox*, 230 Ark. 155, 321 S. W. 2d 226 and [second appeal] 232 Ark. 165, 334 S. W. 2d 875.

Without reviewing further evidence, we are of the view that there is substantial evidence in the case at bar to submit the issues to the jury and to sustain its verdict. The jury might have found that appellant Brown was more negligent than Manning since Brown, with the opportunity to observe the driving conditions he was about to encounter, elected not to check his speed or stop but instead, entered a blinding dust cloud while driving approximately 35 to 40 miles per hour. Also, the jury might have believed from the evidence that Brown, after pulling from the center of the road in order to pass the bus, cut back to the left to avoid the roadside ditch and resume his course in the center of the road resulting in the almost head-on collision. The jury could have believed that Manning was caught unexpectedly in an emergency when the school bus pulled to the right thus placing him in a perilous position as he attempted to stop.

Since appellants do not question the instructions, it appears that all issues were presented to the jury under proper instructions. The finding of the jury was in the form of a general verdict by which the sum of

$2,500.00 was awarded for the benefit of the estate and recovery denied individually to the widow and adult children. It would appear by this modest verdict that the jury considered any comparative negligence of the parties.

Appellants' final contention is that the court erred in permitting over their objection the introduction of a certified copy of letters of administration for the purpose of establishing that the appellee was the duly and legally authorized personal representative of the decedent's estate. Appellants argue that the letters of administration lacked authentication in requisite form. We find no merit in this contention. Appellee alleged in her complaint that she was the duly qualified and acting administratrix of her deceased husband's estate by the appointment of the Fourth District Court of Ouachita Parish, Louisiana. This allegation was not expressly denied. She was permitted to testify without objection that she was the duly appointed administratrix. Therefore, we are of the view that the introduction of the certified copy of the letters of administration instead of authenticated copies was not prejudicial error.

Affirmed.