AKRIDGE *v.* PARK BOWLING CENTER, INC.

5-3832                                                    401 S. W. 2d 204

Opinion delivered March 28, 1966

*Garner & Parker,* for appellant.

*Harper, Harper, Young & Durden,* for appellee.

GEORGE ROSE SMITH, Justice. This is an appeal from a summary judgment entered against the plaintiff in her action for personal injuries sustained when she slipped and fell to the floor in the defendant's bowling alley in Fort Smith. The complaint alleged that the defendant negligently permitted "foreign material, objects, matter, debris, or other extraneous material" to fall and remain upon the floor. The plaintiff, in answering interrogatories propounded by the defendant, was unable to identify the exact object or substance that caused her to fall. The trial court regarded this uncertainty as a fatal defect in the plaintiff's case and accordingly granted the defendant's motion for summary judgment.

In her complaint the plaintiff asserted that the defendant allowed children and adults "to drink soda pop, malts, and other beverages, and eat hot dogs, hamburgers, sandwiches, candy, potato chips, corn chips," and various other foods in the bowling alley, with knowledge that such children and adults would drop food and spill drinks upon the floor. The complaint further asserted that the presence of foreign matter upon the floor of a bowling lane is highly dangerous and that the plaintiff fell upon "some foreign object unknown to her" as she began to bowl.

In asking for a summary judgment the defendant submitted no testimony except the plaintiff's answers to four interrogatories. In those answers the plaintiff pretty well repeated the allegations of her complaint. She stated that the identity of the object that caused her fall "was unknown to plaintiff, but well known to defendants, or could have been known to them with the exercise of ordinary care." The names and addresses of three other eyewitnesses to the accident were furnished, but there is no indication of what their testimony would be.

The pivotal question is whether the plaintiff's inability to say exactly what caused her to trip and fall

is such as insurmountable flaw in her proof that in no event could she have made a case for the jury. We have concluded that the weakness in the plaintiff's account of her injury is not so great as to require a summary dismissal of her complaint.

A motion for a summary judgment is like a motion for a directed verdict in that presumptions and inferences arising from the evidence are to be resolved against the movant. *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89 (1963). Nevertheless there are undoubtedly instances in which the defendant's motion should be granted simply because the accompanying proof shows conclusively that some fact essential to the plaintiff's cause of action is wanting. A commonplace example is the situation in which the only fault chargeable to the defendant is the negligence of its asserted agent. If the defendant proves beyond question that no agency existed, and the plaintiff is unable to offer substantial evidence to the contrary, a summary judgment is proper. Barron & Holtzoff, Federal Practice & Procedure, § 1232.1 (Wright ed. 1958); *Robin Const. Co.* v. *United States,* 345 F. 2d 610 (3d Cir. 1965).

The present controversy does not fall in that category. In many cases of this kind the plaintiff can make a *prima facie* showing without proving just what caused his fall. The offending object may have been hidden by trash. It may have been snatched away by the defendant before it could be examined. The premises may have been dark, as a theater. The fall may have jolted the plaintiff into insensibility. The defendant may have been negligent in permitting litter to accumulate in a place where it created a hazardous condition.

This complaint affirmatively states that the plaintiff does not know what caused her fall. In view of the other allegations of negligence we do not think the complaint either demurrable or subject to a motion to make more definite. The evidence accompanying the motion for summary judgment discloses no new infirmity in the

plaintiff's case. To the contrary, that evidence merely confirms what the plaintiff already admits. In the circumstances the motion stands no better than a demurrer to the complaint and should be overruled.

Reversed.