JAMES ROBERT EVERS, D/B/A SUBURBAN MOTORS *v.*
GUARANTY INVESTMENT CO., A CORPORATION

5-4578                    428 S. W. 2d 68

Opinion delivered May 21, 1968

*Kirsch, Cathey & Brown,* for appellant.

*Dudley & Burris* and *Vernon J. King,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant contends that reversible error was committed in the trial court's granting appellee a summary judgment. The action was brought by appellee, a finance company, to recover from appellant, a used car dealer, on the latter's endorsement and guaranty upon a number of past due notes given by purchasers of automobiles. Appellant alleged that these notes were void because given as a part of a scheme and plan of appellee to violate the Arkansas

usury laws. After appellant had answered a request for admissions made by appellee, appellee took a discovery deposition of appellant. Appellant had previously taken the discovery deposition of John V. Baltz, president of appellee company. Upon the record so made, appellee's motion for summary judgment was granted upon the ground that the defense of usury is not available to appellant by reason of his participation in what he had alleged to be the plan to violate the usury laws.

We do not agree with the trial judge. In considering a motion for summary judgment, the evidence and all reasonable inferences which may be drawn therefrom must be considered in the light most favorable to the party against whom the judgment would go. *Russell v. City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89; *Deltic Farm & Timber Co. v. Manning,* 239 Ark. 264, 389 S. W. 2d 435; *Akridge v. Park Bowling Center, Inc.,* 240 Ark. 538, 401 S. W. 2d 204. A summary judgment may not be granted if there is any genuine issue as to any material fact. *Westinghouse Credit Corporation v. First National Bank of Green Forest,* 241 Ark. 287, 407 S. W. 2d 388. The burden rested on appellee to show the absence of any genuine or justiciable fact issue and to establish that appellant had no defense when the facts on the record considered were viewed in the light most favorable to appellant. *Wirges v. Hawkins,* 238 Ark. 100, 378 S. W. 2d 646; *Van Dalsen v. Inman,* 238 Ark. 237 379 S. W. 2d 261; *Kratz v. Mills,* 240 Ark. 872, 402 S. W. 2d 661.

Viewing the record as we must, we find material fact issues. The notes in question were given over a period of several months' dealings between the parties. It was admitted that appellant made a sale of an automobile to each of the makers of said notes, after having reached an agreement as to the base price to be paid therefor, independent of any voice or control of the finance company. Thereafter, the notes were delivered to

appellant made on forms it furnished to the dealer. They were payable to appellant, but he executed an unconditional guaranty on each note, along with his transfer of all his interest in the vehicle sold. Appellee was under no obligation to buy or accept any particular note from appellant. The dealer did not deal with any other finance company and recommended appellee to his customers. There is a conflict in the testimony as to whether appellee had ever refused any note offered by appellant. Appellant testified that the finance company never turned down a financing arrangement offered, but he admitted that they did, on occasion, say that too much money was involved on certain transactions. Baltz was sure that they did refuse to discount some notes. Some of the notes accepted were signed in blank at the office of appellant and taken by appellant or his authorized agent to appellee's office where an officer of the finance company filled it in, adding to the price appellee was to receive for the vehicle a "discount" previously agreed upon and the amount of any insurance premium. Some of the notes were taken to the finance company by the customer, either alone or in company with appellant or his agent. Appellant states that the notes were all filled out at the office of the finance company, but Baltz testified that some of them were filled in when brought to him by the dealer who figured the discount and interest. Baltz was certain that some notes were brought in with the amount already filled in, without any previous arrangements for the purchase of the note by appellee. At any rate, the purchaser decided the term of each note which was payable in monthly installments. After the price and term were negotiated, the dealer usually called the finance company which advised the amount of the monthly payment. Neither party made any credit investigations. According to Baltz, repossessed automobiles were delivered to the dealer, who repaired and sold them and turned the proceeds over to appellee together with reimbursement for any loss. Evers stated that one of the vehicles repossessed was sold by appellee.

The parties disagree as to the amount of this "discount." Appellant says that there was a stated rate, but Baltz testified that it varied. Baltz states that they told Evers the amount in each case and the option to accept or reject was up to Evers. Baltz says that they merely purchased the notes for collection and depended entirely on the dealer's endorsement.

Under this evidence, a trier of the facts might well determine that these transactions really constituted loans by appellee to appellant, and if the discount was greater than ten per cent, per annum, were void for usury. In such a case, we find the following statement from Restatement of The Law of Contracts, § 532, to be applicable:

"The sale of a pecuniary obligation of a third person at a discount greater than the rate of interest legally permissible is not usurious, but if the seller assumes responsibility for the payment of the obligation, the transaction, if intended as a device for a loan, is usurious."

Even if these transactions are found upon trial not to constitute loans to appellant, the trial court might well find that the parties were engaged in a common scheme or design to obtain usurious contracts from appellant's customers, and were equally cognizant of the illegality thereof. If so, neither would have any right of recovery against the other. *Womack* v. *Maner*, 227 Ark. 786, 301 S. W. 2d 438, 60 ALR 2d 1271.

Perhaps other questions of law or fact, or both, may be involved on trial of this case, but, as illustrated hereinabove, there clearly was no basis for a summary judgment in favor of appellee.

The decree is reversed and the cause remanded for further proceedings.

HARRIS, C. J., dissents.