HELEN C. HARVEY, AS NEXT FRIEND FOR EDWIN S. HARVEY, A MINOR *v.* SHERRELL SHAVER AND ANITA SHAVER, HUSBAND & WIFE

5-4975                                        444 S. W. 2d 256

Opinion delivered September 8, 1969

*Jones & Butt,* for appellant.

*Putman, Davis & Bassett,* for appellees.

FRANK HOLT, Justice. This appeal results from granting appellees' motion for a summary judgment. For reversal appellant contends that the pleadings and evidence constituted justiciable issues of fact for a jury.

Appellant brings this action, as next friend, to recover damages for permanent injuries sustained by her ten-year-old son, Edwin, when he was struck in the eye by a sky rocket discharged by appellees' eleven-year-old child, Darrell. Appellant alleged in her complaint that the appellees were negligent in allowing their minor child to be in possession of the sky rocket, an inherently dangerous instrumentality; in permitting him to discharge or explode the sky rocket without any supervision and in violation of the law. The appellees answered with a general denial and alleged certain affirmative defenses. Interrogatories, answers, and other pleadings were filed, including depositions of the parties. Thereupon appellees filed their motion for a summary judgment on the ground there existed no disputed material issue of fact. The appellant responded, urging that the pleadings and depositions constituted a material fact question of negligence.

The facts appear largely undisputed. The appellant's and appellees' children often played together as neighbor children as they were doing on the day of the alleged injury. The appellee, Sherrell Shaver, had previously purchased a variety of fireworks for a Fourth of July celebration at which time he took his children outside the city and personally discharged some of the fireworks for their entertainment. He stored the remainder on a shelf in a utility room adjoining his carport. He instructed his children, who knew where the remaining fireworks were, not to use or play with them under any circumstances; admonished them that they were

dangerous; that the use of them could result in harm or burn the house; that it was a violation of a city ordinance to use them inside the city limits; and that the fireworks should be left there until the next Fourth of July. About seven months later, appellee Shaver was in his house watching television when he learned that his eleven-year-old son, Darrell, had removed from the unlocked utility room a small sky rocket and discharged it after placing the bamboo stick end into the ground and pointing the rocket at his neighbor's house. The projectile traveled 15 to 18 feet when it struck Edwin in the eye as he unexpectedly came around his father's house. Appellees' child, Darrell, who discharged the rocket, had never before disobeyed his father's warning about the use of the fireworks. He was described as a normal child for his age except that "he was a pretty hard-headed boy though."

Counsel for the appellees ably and forcefully argues that the motion for summary judgment was properly granted under the fact situation in the case at bar and to hold otherwise would be an unreasonable extension of the principles enunciated in the recent cases of *Bieker* v. *Owens,* 234 Ark. 97, 350 S. W. 2d 522 (1961) and *Williams* v. *Davidson,* 241 Ark. 699, 409 S. W. 2d 311 (1966). In *Bieker* we said that a parent could be liable for his child's misconduct where the parent had the opportunity and ability to control the minor child, a knowledge of the tendency or proclivity of the child to commit acts which could normally be expected to injure others and then failed to exercise reasonable means of controlling the child. In *Bieker* the offending child had demonstrated on several occasions a propensity to assault others with his fists. In *Williams* the offending child had on one occasion, misused a BB gun which was kept accessible to him and there we said that a jury question of parental liability existed.

Appellant contends that the criteria in *Bieker* are not exclusive, particularly as to known past misconduct.

Appellant asserts that when the whole of the circumstances in the case at bar are considered, a fact situation exists for submission to a jury which is consonant with our most recent pronouncement of parental responsibility in *Williams* v. *Davidson, supra,* where disobedience had occurred only once. Both appellant and appellees cite authority to support their views as to the extent of parental liability for the misconduct or negligent acts of a child. However, neither have cited to us, nor does our research reveal, a case that involves an injury resulting from the use of a sky rocket as in the case at bar. In this case we think the better reasoned view is that the pleadings and the evidence present material questions of fact for the jury to determine and, therefore, a basis for a summary judgment does not properly exist.

We have often said that a motion for a summary judgment is an extreme remedy and that the burden of demonstrating the non-existence of a genuine issue of fact is upon the party moving for the summary judgment and, further, when the evidence, although not in material dispute, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ, then a summary judgment is not proper. *Deltic Farm & Timber Co.* v. *Manning, Adm'x,* 239 Ark. 264, 389 S. W. 2d 435 (1965). Any evidence which is submitted with a motion for summary judgment must be viewed in the light most favorable to the party against whom the judgment is made and with all doubts and inferences being resolved against the movant. *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89 (1963).

In the case at bar we think justiciable issues of fact exist when we consider the circumstances as a whole. These circumstances include the fact that the appellee parent purchased a variety of fireworks, used part of them with his children on a Fourth of July and with their knowledge, stored the remainder in a utility

room which was unlocked part of the time during a seven-month interval; that foreseeable harm to person and property by the use of the fireworks was apparently recognized when he admonished his children not to use them under any circumstances; and that any use within the city limits was in violation of a city ordinance. The age and immaturity of the offending child and the nature and attractiveness of the article discharged by him are other factors to be considered. It is significant that the public, acting through its city council, as well as our state legislature [Ark. Stat. Ann. § 82-1701, et. seq. (Supp. 1967)], has deemed it necessary to prohibit or regulate the possession and use of fireworks.

We cannot say that a jury should not be permitted to consider evidence in support of the allegations in appellant's complaint as to appellee Sherrell Shaver. However, the record shows without contradiction that his wife, Anita Shaver, had no knowledge of the existence or use of the sky rocket. The summary judgment of dismissal is reversed as to him and affirmed as to her. It is so ordered.

GEORGE ROSE SMITH, JONES and BYRD, JJ., dissent.

CONLEY BYRD, Justice, dissenting. In *Bieker* v. *Owens*, 234 Ark. 97, 99, 350 S. W. 2d 522 (1961), we held:

"Since each human mind and personality is exclusively that of the individual possessing it, *it would be unreasonable to place an absolute responsibility for the acts of another on any person.* But where the parent (1) has the opportunity and ability to control a minor, and (2) has knowledge of the tendency or proclivity of the minor to commit acts which could normally be expected to cause injury to others, and (3) after having such opportunity, ability and knowledge has failed to exercise reasonable means of controlling the minor or appreciably reduce the likelihood of injury to others be-

cause of the minor's acts, the parent should be made to respond to those who have been injured by such acts of the minor." (Emphasis mine.)

The rocket here involved is the little bottle rocket that some 200,000 or 300,000 children in this state annually fire on New Year's Day and the Fourth of July (and some times in between). In other words, we have involved a children's toy—*i. e.*, one so recognized and permitted by law, see Ark. Stat. Ann. § 28-1701(2) (Supp. 1967). The majority is holding that the parents of those two or three hundred thousand children can be held responsible for storing or permitting such fireworks to be stored on their premises even though they have no reason to suspect that their children will use or attempt to use the fireworks so as to cause injury to others. The majority so holds even when the unmitigated evidence shows that the child involved had no tendency or proclivity to commit acts which could normally be expected to cause the accident that occurred.

As can be seen the effect of today's holding is to hold every parent absolutely responsible for injuries caused by fireworks contrary to the rule laid down in *Bieker* v. *Owens, supra,* and notwithstanding that the possession thereof is permitted by law. See Ark. Stat. Ann. § 82-1701 (Supp. 1967).

Nor can I find anything in Ark. Stat. Ann. § 82-1701 (Supp. 1967) to support the majority's position, even though they have made the suggestion, because there is not even an allegation that the conduct of the parents in possessing and storing the fireworks was unlawful, and there is certainly no facts to sustain such an insinuation.

For these reasons, I would affirm the summary judgment of the trial court in dismissing the action against Sherrell Shaver and his wife Anita Shaver.

GEORGE ROSE SMITH and JONES, JJ., join in this dissent.