K. & S. INTERNATIONAL, INC. *v.*
Guss HOWARD and Donald Howard

5-5445                                462 S. W. 2d 458

Opinion delivered February 1, 1971

*Hout, Thaxton & Hout,* for appellant.

*Marvin L. Kieffer* and *Hartman Hotz,* for appellees.

George Rose Smith, Justice. On May 21, 1966, the appellees bought a combine from the appellant, a retail dealer in farming equipment, and executed a $2,242.93 installment note for the unpaid purchase price. The appellant transferred the note, with recourse, to a bank in Jonesboro. Upon a default by the appellees in their payments the appellant paid in full the amount that was due to the bank and brought this action to collect the debt from the appellees.

The various pleadings and affidavits filed by the rival parties make up a record of almost 150 pages. Eventually the appellees filed a motion for summary judgment, upon the theory that the bank had marked the note "Paid," without a written reassignment to the appellant, and that the effect of the notation was to discharge the appellees' liability upon the instrument. This appeal is from a summary judgment sustaining the appellees' theory of the case.

The appellees are mistaken in their understanding of the law. It has long been the rule that when a party secondarily liable upon a note is required to pay it, he is entitled to enforce the obligation against the maker. *Briscol* v. *American So. Tr. Co.,* 176 Ark. 401, 4 S. W. 2d 912 (1928). That rule has not been changed by the Uniform Commercial Code. Section 3-601 of the Code contains an exclusive listing of the situations in which a party to an instrument is discharged. Ark. Stat. Ann. § 85-3-601 (Add. 1961); Commissioners' Comment 1. The present situation is not included in the list. To the contrary, when a former holder reacquires the instrument, only intervening parties are discharged. Section 85-3-208. And such a party, as the holder of the instrument, may enforce payment. Section 85-3-301.

The appellees are also mistaken in their contention that the appellant, in the court below, had the burden of showing that the bank had reassigned the note to the appellant. The complaint alleged that the plaintiff was the holder of the note and had placed it in the hands of its attorney for collection. That allegation sufficiently stated that the plaintiff was entitled to bring suit on the instrument. A party defendant who moves for a summary judgment has the burden of showing that no justiciable issues of fact exist. *Widmer* v. *J. I. Case Credit Corp.,* 243 Ark. 149, 419 S. W. 2d 617 (1967). Moreover, the proof supporting the motion must be viewed in the light most favorable to the party resisting the motion. *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89 (1963). In view of those principles, the trial court was in error in granting the appellees' motion for summary judgment.

The appellant also contends that its own motion for summary judgment should have been granted. We find no merit in that contention. The appellees pleaded a number of defenses to the action, including a general denial, a breach of warranty, and payments in excess of those for which they had been given credit. It cannot be said from the record that no material issues of fact exist with reference to those defenses.

Reversed.