PIONEER FINANCE COMPANY *v.*
DORWON D. LANE ET AL

73-176                                502 S.W. 2d 624

Opinion delivered December 24, 1973

*Sam Goodkin,* for appellant.

*Rodney C. Wade* and *Booth & Shaver,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant Pioneer Finance Company, a foreign corporation not authorized to do business in Arkansas, brought suit against appellees on a promissory note executed by them to Rainbow Industries and secured by a security agreement. Appellant alleged that, prior to maturity, the note was assigned to it. The note, an exhibit to the complaint, was an installment note given for the balance of the purchase price on a

Rainbow Home Conditioner. In their answer, appellees alleged that Pioneer Finance Company was not authorized to do business in the State of Arkansas and that the agreement was unenforceable by it in the courts of Arkansas and void ab initio. They also alleged that Rainbow Industries was not authorized to do business in the State of Arkansas and that the agreement was unenforceable by it and void ab initio. Later, appellees filed a motion for summary judgment based upon the fact appellant was a foreign corporation not authorized to do business in Arkansas and alleged it was barred from enforcement of the note under the provisions of Ark. Stat. Ann. § 64-1202 (Repl. 1966).

The circuit court granted this motion for summary judgment after considering the affidavit of the secretary of state in which that official stated Rainbow Industries was not qualified to do business in Arkansas as a domestic or foreign corporation. We reverse the summary judgment because appellees did not meet their burden of demonstrating that there was no genuine issue as to any material fact.

The certificate of the secretary of state had no bearing whatever upon appellant's right to enforce the note. No one has ever asserted that Rainbow Industries is a corporation. In its complaint Pioneer Finance Company alleged that Rainbow Industries was a proprietorship owned by Kyle Day. There is nothing in the note sued on, the security agreement or the assignment to appellant to indicate anything to the contrary. Even if appellees' answer was sufficient to put that question in issue, it has not produced evidence that Rainbow Industries is a corporation, either foreign or domestic. Consequently, the status of Rainbow Industries cannot be a basis for summary judgment in this case.

Appellees have also failed to meet their burden of showing that the assignment of the contract was made in Arkansas. *Widmer* v. *J. I. Case Credit Corporation*, 243 Ark. 149, 419 S.W. 2d 617.

Appellees' arguments with relation to the burden of proof at trial and that appellant was barred from en-

forcement of the note because it transacted a substantial part of its ordinary business in Arkansas are wholly irrelevant at this stage. There is absolutely no evidence as to the nature and extent of the business conducted in Arkansas by Pioneer Finance Corporation in the record at this time. Of course, our statutes and cases make it quite clear that the burden is on the movant to establish that there is no genuine issue of material fact. See Ark. Stat. Ann. § 29-211 (Repl. 1962); *K and S International, Inc.* v. *Howard,* 249 Ark. 901, 462 S.W. 2d 458; *Widmer* v. *J. I. Case Credit Corp.,* supra. It is only when the moving party has clearly met its burden that the opposing party has the burden of demonstrating the existence of such an issue, and only then will its failure to offer evidence in opposition to the motion entitle the movant to a summary judgment. *Hervey* v. *AMF Beaird, Inc.,* 250 Ark. 147, 464 S.W. 2d 557.

The judgment is reversed and the cause remanded for further proceedings.

HARRIS, C.J., not participating.