James W. GIBBONS *v.* Art EASTHAM et al

79-123                                    587 S.W. 2d 36

Opinion delivered October 1, 1979
(Division II)

*Howell, Price & Howell, P.A.,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

FRANK HOLT, Justice. Appellant filed a petition for writ of mandamus to compel the Board of Trustees of the North Little Rock Policeman's Pension and Relief Fund to pay him a pension. The petition for the writ was amended alleging that the appellant was denied equal protection and due process of the law and sought, in the alternative, that the Board be ordered to hold a hearing comporting with due process and equal protection of the law.

Appellant contends that the court erred in denying his motion for summary judgment and in granting appellee's motion for summary judgment. Summary judgment is properly granted when there is no genuine issue of a material fact and the moving party is entitled to judgment as a matter of law. *Russell* v. *Rogers,* 236 Ark. 713, 368 S.W. 2d 89 (1963); and Ark. Stat. Ann. § 29-211 (Supp. 1977). Here both the parties ask for a summary judgment asserting there is no disputed question of fact.

Appellant correctly contends that the five member Board voted at the February 16, 1978, meeting against a motion to deny him his pension. However, attached to appellee's motion for summary judgment were affidavits from three of the Board members who were present, stating that each had voted with the intent to deny appellant's pension at both meetings (February 16 and April 28) "as in my judgment he has not performed the faithful service required by Ark. Stat. Ann § 19-1809 (Repl. 1968)." Affidavits from the two members not present at the February meeting stated that they had sent prior written notice that each "wished to be recorded as voting to deny Mr. Gibbons' application," and that each had voted at the April meeting to deny appellant's pension. In his cross-motion for summary judgment, appellant submitted his affidavit that he had served more than twenty years on the Police Department and the affidavit of a court reporter, which states: "At the meeting the motion was made by Chief Smith that Captain Gibbons' request for a pension be denied, seconded by Mrs. Morgan. Chief Smith, Mrs. Morgan and Chairman Eastham all voted *no* to the motion that they deny Capt. Gibbons his pension."

Appellant and his attorney were present at the February meeting when the three Board members present voted against the motion to deny the pension. Even though the members present voted not to deny the pension, it is undisputed that their intent was, in fact, to deny the pension. Futher, it is uncontradicted that none of the Board members voted affirmatively to grant the pension. In order to clarify the February vote, the Board, at the April meeting, without notice to appellant, voted to amend the minutes of the February meeting to reflect that the pension application was

denied at that time; to again present the question of the pension to remove any misunderstandings of the earlier vote; and to deny the pension. Appellant argues that this action, without notice to him and pursuant to no regulations, denied him due process of law. However, during the hearing before the circuit court and before any decision by the court, appellee's attorney agreed to a remand of the issue to the Pension Board for an additional hearing. Appellant's attorney withdrew his prayer for a remand.

In the circumstances the court properly granted appellee's motion for summary judgment and dismissed appellant's petition for a writ of mandamus.

Affirmed.

We agree: HARRIS, C.J., and BYRD and PURTLE, JJ.