## MICHAEL KENNEDY *vs.* WILLIAM K. PALMER.

An action commenced before a justice of the peace on the day of the passage of a statute which vests the exclusive jurisdiction of all such actions, not already pending, in a police court, and is to take effect "from and after its passage," cannot be dismissed for want of jurisdiction, without proof that it was commenced at a later hour than the approval of the act by the governor.

ACTION between two inhabitants of Lee, commenced before a justice of the peace. Writ dated May 7th 1855. The justice gave judgment for the plaintiff, and the defendant appealed to the court of common pleas; and there moved to dismiss the action, on the ground that the justice of the peace had no jurisdiction, but the police court of Lee had exclusive jurisdiction thereof; and, in support of this motion, relied on *St.* 1855, *c.* 312, by which the exclusive jurisdiction of all such actions, not already pending, is vested in the police court thereby established, and which provides that it "shall take effect from and after its passage," and was approved by the governor on the 7th of May 1855. *Briggs,* J. dismissed the action, and the plaintiff alleged exceptions.

*J. Branning,* for the plaintiff, to the point that "from and after its passage" excluded the day of the passage of the act, cited *Bigelow* v. *Willson,* 1 Pick. 485; *Wiggin* v. *Peters,* 1 Met. 127; *Blanchard* v. *Hilliard,* 11 Mass. 85; *Ward* v. *Winship,* 12 Mass. 481; *Blake* v. *Sewell,* 3 Mass. 556; *Henry* v. *Jones,* 8 Mass. 453; *Portland Bank* v. *Maine Bank,* 11 Mass. 204; *Presbrey* v. *Williams,* 15 Mass. 193.

*M. Wilcox,* for the defendant, cited *In re Howes,* 6 Law Reporter, 297; *In re Welman,* 20 Verm. 653; *Branch Bank* v. *Murphy,* 8 Alab. 119; *United States* v. *Williams,* 1 Paine, 261; 1 Bishop on Crim. Law, § 59; *Opinion of the Justices,* 3 Gray, 606, 607.

DEWEY, J. It is conceded that the justice of the peace had jurisdiction of this case, unless it was taken away by *St.* 1855, *c.* 312. The case is destitute of all evidence as to the precise hour of the day at which the writ was made, or the act received the approbation of the governor, and thus became a law.

Agricultural Bank *v.* Bishop.

To sustain the jurisdiction of the justice of the peace, as it seems to us, it is not necessary to hold that this act took effect only after the day of its passage, thus excluding the entire 7th of May. Such a construction it might be very difficult to sustain against the express provision that it was "to take effect from and after its passage."

It being conceded that the justice had jurisdiction until the precise point of time when the act was approved by the governor, the justice had jurisdiction during a portion at least of the 7th of May. His jurisdiction previously acquired was in full force in the early part of that day, and, for aught that appears, for many hours of that day. To sustain this motion to dismiss, it must be made apparent that this writ was issued after the passage of this act. Showing merely that it was issued on the 7th of May fails to establish that fact, and there is nothing else in the case to show it. It does not appear, therefore, that this suit was instituted after the passage of the act creating a police court and transferring the jurisdiction of all civil actions between persons living in Lee to that court. As presented, the case does not raise the question, whether, upon proof that in fact the suit was commenced at an hour of the day later than that of the passage of the act, the action should be dismissed.

*Exceptions sustained.*