JUDGE BULLITT
deliveeed the opinion op the couet:
The appellee obtained a judgment against the appellants for $170, due upon a note. The judgment was rendered on the 24th day of May, 1861, the same day on which the Governor approved the act, entitled, “An act to suspend the circuit and other courts in this commonwealth, and for other purposes,” by which the rendition of such judgments was prohib-ted from the passage of the act uhtil the 1st day of January, 1862, as was decided in the cases of Johnson vs. Higgins,3 Met., 566, and many subsequent cases. It does not appear at what hour the act was approved, nor at what hour the judgment was rendered.
It is contended — 1st. That the act took effect from the day of its approval, and therefore was not in force on the 24th of May. 2nd. That, if it took effect on the 24th of May, yet it only took eiieci, at the moment, m its appiovalj and as it is not shown at what time of the day it was approved, it should be presumed, in favor of the jurisdiction of the, court below, that it was not approved until after the rendition of the judgment.
As it was declared in the act that it should take effect from its passage, we do not perceive any ground for holding that it did not take effect until the day after its passage; nor have we found any authority sustaining that view. Our opinion is, that it took effect on the 24th of May.
If, for this purpose, a day is capable of division, so as to give effect to a statute only from the moment of its approval, there would be much reason for contending that the judgment in this case should be affirmed, upon a presumption that it was rendered before the act was approved. Upon the question whether an act,, which is to take effect from its passage, *55 should be regarded as being in force during the whole day upon which it is approved, or only from the moment of its approval, there has been some difference of opinion, as is shown by the very able discussions of Judge Story, in the matter of Joseph Richardson and another, (6 Law Reporter, 392,) and of Judge Prentiss in the matter of Dehies Welman, (7 Law Reporter, 25.) In our opinion, according to the weight of reason, and the decided weight of authority, the act in question must be regarded as having been in force during the whole of the day upon which it was approved, in conformity to the general rule, that where a computation is to be made from an act done, the day on which the act is done is to be included. (Arnold and others vs. the United States, 9 Granch, 104 ; In re Welman, supra; Chiles vs. Smith’s heirs, 13 B. Mon., 460; Batman vs. Megowan, 1 Met., 533.)
The Revised Statutes require the day of the approval of an act of Assembly by the Governor, to be stated at the end of the same, (chap. 61, sec. 4.) Such was the practice before. If the Legislature had contemplated that statutes, which were to take effect from their passage, should take effect only from the moment of approval by the Governor, they would no doubt have required the hour, as well as day of approval to be stated.
The judgment is reversed, and the cause remanded for further proceedings.