McLaughlin, Trustee, *v.* Lovett.

4-6834                                     163 S. W. 2d 826

Opinion delivered July 13, 1942.

*A. T. Davies* and *Jay M. Rowland,* for appellant.

*James R. Campbell,* for appellee.

Holt, J. Appellee, Lyda Lovett, filed complaint against appellants in the Garland circuit court in which she alleged that as the widow of John Lovett, a retired fireman of the fire department of the city of Hot Springs, Arkansas, she was entitled to a pension. Appellants, by demurrer and answer, denied that Mrs. Lovett was entitled to the pension claimed.

By agreement the cause was heard by the court, sitting as a jury, and from a judgment in favor of appellee comes this appeal. The cause was submitted on an agreed statement of facts.

John Lovett, appellee's husband, after many years of faithful and efficient service as fireman, on March 15, 1933, was retired on a pension of $54 per month, which represented one-half of the salary received by him at the time of his retirement. This pension award was made to Mr. Lovett under the provisions of act 491 of the Acts of 1921. Mr. Lovett continued to draw this pension each month until his death before eight o'clock

on the morning of April 1, 1941. John Lovett and appellee had no children. Mrs. Lovett, his widow, was his sole survivor.

On this same date, April 1, 1941, an election was held by the city of Hot Springs, Arkansas, at which the following question, on an initiated ordinance, was submitted to the electorate of the city: "An ordinance to authorize and direct the city council of the city of Hot Springs to levy annually a tax of not more than one mill on the assessed value of the real and personal property within the city for the purpose of paying pensions to retired firemen, and pensions to widows and minor children of deceased firemen and widows and minor children of deceased retired firemen."

Section 2 of the ordinance provides: "This ordinance shall take effect and be in force from and after its approval by the people of the city of Hot Springs."

The agreed statement of facts contains this provision: "That the vote on said question was as follows: For initiated ordinance No. 2, 3,044. Against initiated ordinance No. 2, 20.

"That said initiated ordinance thereupon became law; that no tax was levied thereunder . . . ; the city council did not certify any tax to the county clerk to be collected by the tax collector for the year 1942, or any other year. The city had sufficient funds available in the funds received from the State Insurance Commissioner for 1942, and that is the reason no tax was certified for collection."

Act 491 of 1921, *supra*, under the terms of which Mr. Lovett was drawing a pension at the time of his death, makes no provision for a pension on behalf of the widow of a deceased fireman unless the fireman loses his life while in the performance of his duty. It is conceded here that appellee would not be entitled to a pension under the provisions of this act, but she insists, and the lower court so found, that she is entitled to her husband's pension under the ordinance, *supra*, and subsequent legislation hereinafter referred to.

Under act 491, the fund out of which pensions to firemen are paid, is created by a two per cent. levy on all fire, tornado and marine insurance premiums collected in cities and towns of Arkansas maintaining a fire department of the value of $1,000 or more. The act provides that one-half of this two per cent. tax collected on insurance premiums within each city or town affected, shall be paid back to each city or town from which collected, as a fund to be paid out to eligible firemen by a board of trustees created by the act.

The Legislature of 1939, by act 30, amended act 491 of 1921. Among other things, it provided that each city or town affected might, by a vote, provide for a tax not to exceed 1½ mills, with which to supplement and add to the fund created under the 1921 act, *supra*, "for pensioned members of the fire department, and of the widows and orphans," etc. The act further provided for acceptance of donations to the fund and deductions of one per cent. from the salaries of affected firemen.

That part only of act 30, which sought to enable cities and towns to levy a tax above the five mill limit, for all purposes as provided by the Constitution of Arkansas at that time, was declared by this court unconstitutional in *Adamson* v. *City of Little Rock, et al.*, 199 Ark. 435, 134 S. W. 2d 558. In all other respects the validity of act 30 was not affected by that decision.

In 1940, amendment No. 31 to the Constitution of the state of Arkansas was enacted and put into effect. Under its provisions, cities and towns of the first and second class were permitted to vote a tax not to exceed two mills on the dollar, "from which there shall be created a fund to pay retirement salaries and pensions to policemen and firemen theretofore or therafter earned, and pensions to the widows and minor children of such, as may be provided by law. The annual levy for the Policemen's Retirement Salary and Pension Funds shall not exceed one mill on the dollar, and the annual levy for the Firemen's Retirement Salary and Pension Funds shall not exceed one mill on the dollar. The manner of such levy of the tax, and the eligibility for the retirement

salaries and pensions, the several amounts thereof, and when payable, shall be such as may be provided by law.''

Subsequent to the passage of amendment No. 31, the Legislature of 1941 passed act 14, under the terms of which there is provision for pensions to widows of deceased retired firemen. Section 1 provides for elections in cities of the first or second class to vote a tax not to exceed one mill for pensions to widows of deceased retired firemen and that the governing body of such city or town shall certify to the county clerk the rate of taxation levied to the end that the amount so certified be placed upon the tax books of the county by the county clerk and collected by him. The taxes thus collected ''Shall be turned over to the board of trustees of the Firemen's Pension and Relief Fund of such city, created under act 491 of the Acts of the Arkansas General Assembly for the year 1921.''

Section 3 provides that the board of trustees of the Firemen's Pension and Relief Fund shall ''certify to the city an estimate of the amount of money necessary to pay . . . pensions to the widows . . . of deceased retired firemen, for the following year, and the city shall make its levy against the real and personal property of such city sufficient to raise and provide the sum of money estimated and certified by the board of trustees of the Firemen's Pension and Relief Fund. Provided, the annual levy shall not exceed one mill on the dollar of the assessed value of the real and personal property within such city.''

Section 4 provides ''The funds provided for herein shall be supplemental to and in addition to any funds provided for by any laws in effect at the time of the passage of this act, and shall become a part of the Firemen's Pension and Relief Fund of such city, created under act 491 of the Acts of the Arkansas Legislature in 1921, and shall be administered by the board of trustees created by said act, to the same class of beneficiaries and in the same manner as the funds provided for therein, it being the specific intention not to repeal act No. 491 of the Acts of the Arkansas Legislature of 1921, or

any amendments thereto, but to provide additional money for the Firemen's Pension and Relief Fund.''

On April 1, 1941, as has been indicated, the city of Hot Springs by an overwhelming vote, adopted initiated ordinance No. 2, which provided for a tax not to exceed one mill to pay pensions to widows of deceased retired firemen and also that ''The council shall make the rate of taxation, not to exceed one mill on the dollar of the assessed value of the real and personal property within the city of Hot Springs, sufficient to raise and provide such amount of money as the board of trustees of the Firemen's Pension and Relief Fund certifies to the council will be required to pay pensions to retired firemen, and pensions to widows and minor children of deceased firemen and widows and minor children of deceased retired firemen, for the following year. If the amount certified to the council by said board of trustees is more than a levy of one mill will produce, the council shall make the full levy of one mill.

''Section 2. This ordinance shall take effect and be in force from and after its approval by the city of Hot Springs.''

It is conceded here that the ordinance in question was approved by the people of Hot Springs and became effective on April 1, 1941, but at a time on this date, subsequent to the exact hour or moment when appellee's husband, John Lovett, died, it being conceded that Mr. Lovett died on the morning of April 1, 1941, but prior to eight o'clock.

The primary question presented is: Was the ordinance in effect when John Lovett died? It is our view that it was. This court has many times held that the law does not consider parts of a day. In *Harris* v. *State*, 169 Ark. 627, 276 S. W. 361, this court said: ''Moreover; it may be said that the law does not consider parts of a day, etc.''

And in *Lee Wilson & Company* v. *William R. Compton Bond & Mortgage Company*, 103 Ark. 452, 146 S. W. 110, this court said: ''Upon its approval, in conformity with the Constitution, the act is regarded as

being in full force and effect during the whole day upon which it is approved. *Mallory* v. *Hiles,* 61 Ky. (4 Met.) 53; *Kennedy* v. *Palmer,* 72 Mass. 316.''

In the Kentucky case, *supra,* cited with approval by this court, it is said: ''In our opinion, according to the weight of reason, and the decided weight of authority, the act in question must be regarded as having been in force during the whole of the day upon which it was approved, in conformity to the general rule, that where a computation is to be made from an act done, the day on which the act is done is to be included. (*Arnold, et al.* v. *The United States,* 9 Cranch 104, 3 L. Ed. 671.''

The Supreme Court of the United States in *Lapeyre* v. *United States,* 84 U. S. 606, 21 L. Ed. 606, said: ''There is no statute fixing the time when Acts of Congress shall take effect, but it is settled that where no other time is prescribed, they take effect from their date. *Matthews* v. *Zane,* 7 Wheat. 164, 5 L. Ed. 425. Where the language employed is 'From and after the passing of this act,' the same result follows. The act becomes effectual upon the day of its date. In such cases it is operative from the first moment of that day. Fractions of the day are not recognized. An inquiry involving that subject is inadmissible. Welman's case, 20 Vt. 653, Fed. Case No. 17407. The subject is there examined with learning and ability.''

And in the Welman case, 20 Vt. 653, *supra,* the court uses this language: ''This was a direct recognition, that, in a question as to the time when a law takes effect, there are no parts or divisions of a day. The day is to be included, because, there being no fraction of a day, the act relates to the first moment of the day on which it is done, and as if it were then done. This is the very reason given in the books for the rule the courts rely upon. Instead of intimating, that there could be any fraction of day in such a question, or that it would be proper to reverse the general rule of law and consider the act in force only from the last instant of the day, the court held, that the day on which the act was approved was to be included in its operation.''

We are clearly of the view, therefore, that this ordinance was in full force and effect on and after the first moment of the day it was approved, April 1, 1941, and at the time Mr. Lovett died, and that the trial court correctly found that appellee was entitled to the pension of $54 per month as his widow. The fact that the governing body of the city of Hot Springs made no levy of any part of the one mill permitted by the ordinance cannot affect appellee's right to the pension in question, for the reason that under the terms of acts 30 and 14, *supra*, which are amendatory of the 1921 act, *supra*, it was clearly the intent of the lawmakers to give to the governing bodies of cities and towns affected, the discretionary power to supplement the fund created and distributed under the 1921 act, by levying and collecting any part of the one mill tax if necessary to pay the pensions allowed to widows of deceased retired firemen and any others entitled to pensions under the ordinance.

It must be remembered that the legislation, *supra*, contemplates that the Firemen's Pension and Relief Fund, created out of the one-half of the two per cent. tax on all fire, tornado and marine insurance premiums collected within the cities and towns affected, may be materially supplemented or increased by donations and otherwise, and therefore that there may be occasions, as in the instant case, when it becomes unnecessary to levy and collect any part of the additional one mill tax in order to pay all eligible pensioners.

On the whole case, finding no error, the judgment is affirmed.

The Chief Justice concurs.