UNIVERSAL C. I. T. CREDIT CORPORATION *v.* STANLEY.

5-679                                                                           279 S. W. 2d 556

Opinion delivered May 23, 1955.

[Rehearing denied June 20, 1955.]

*M. P. Matheney* and *Wright, Harrison, Lindsey & Upton,* for appellant.

*Spencer & Spencer,* for appellee.

GEORGE ROSE SMITH, J. This is a suit filed by the appellee to obtain cancellation, for usury, of a conditional sales contract that was executed after the decision became final in *Hare* v. *General Contract Purchase Corp.,* 220 Ark. 601, 249 S. W. 2d 973. The chancellor canceled the contract and quieted the plaintiff's title to the car that had been sold. It is contended by the appellant that the apparently usurious nature of the agreement was the result of mutual mistake and that even if the contract should be set aside the purchaser is not entitled to keep the automobile.

On July 13, 1953, the appellee Stanley bought a used car from Brown Motor Company for an agreed price of $1,895. By cash and a trade-in Stanley made a down payment which left due a balance of $1,000. On forms furnished by the appellant the seller prepared two instruments relating to the sale. First is the conditional sales contract now in issue, which recites a "time balance" of $1,260.54, payable in eighteen monthly installments. Second is an invoice which discloses that the time balance was composed of these items:

"[Unpaid balance of purchase price].....................$1,000.00
"Insurance 18 months w/pkg.....................$129.00
"Finance Charges ....................................... 131.54

260.54

$1,260.54"

Within a day or two after the sale the appellant bought the commercial paper from the seller. Stanley made two monthly payments and then filed this suit for cancellation.

It is conceded by the appellant that if the invoice charges of $1,000 for purchase money and $129 for insurance are the only items owed by Stanley, then an interest charge of $131.54 is usurious. The appellant undertook to prove, however, that insurance "w/pkg" (with package) includes not only a comprehensive automobile policy, for which the appellant paid the recited $129 premium, but also life and accident policies for which the appellant paid an additional $39.32. It is insisted that the latter item should have been designated by Brown as part of the finance charges, leaving a difference attributable to interest that would be within the legal rate.

The trouble with this argument is that there is almost nothing in the conduct of either party to confirm the existence of a mutual mistake. Stanley, on the one side, denies that he agreed to pay the extra insurance charges now demanded by the finance company. As was said in the similar case of *General Contract Corp.* v. *Duke,* 223 Ark. 938, 270 S. W. 2d 918: "It cannot be said here that

the case involves a mutual mistake of fact, since the plaintiff merely accepted the terms given him by the seller.'' And the appellant, on the other side, presumably examined the invoice and found it satisfactory. The company accepted two monthly payments and put forward no suggestion of error until suit had been brought. Even at the trial the appellant failed to show just how Brown, who admittedly used the appellant's rate book in computing the amount owed, arrived at a finance charge of exactly $131.54. In the absence of persuasive proof that either party intended to make the agreement now asserted by the appellant it would manifestly be difficult to hold that both parties so intended.

The appellant's second contention is that the chancellor erred in allowing Stanley to keep the car. Here the argument is that Stanley's only claim to the vehicle derives from the conditional sales contract and that if that contract be abrogated Stanley's assertion of title must fail as well. This line of reasoning disregards the basic fact that, by the ruling in the *Hare* case, *supra,* a transaction such as this one is in reality a loan rather than a sale. It is not our intention to undermine the *Hare* case by reverting to the outmoded fiction that what is actually a loan must be treated as a sale. The present contract plainly comes within the purview of Act 39 of 1887: ''The maker of a usurious contract may by suit in equity . . . have such contract . . . annulled and cancelled, and any property, real or personal, embraced within the terms of said lien or conveyance, delivered up if in possession of any of the defendants in the action, and if the same be in the possession of the plaintiff, provision shall be made in the decree in the case removing the cloud of such usurious lien . . .'' Ark. Stats. 1947, § 68-609; *Bailey* v. *Commerce Union Bank,* 223 Ark. 686, 269 S. W. 2d 314.

Affirmed.

SEAMSTER, C. J., not participating.