UNIVERSAL C. I. T. CREDIT CORPORATION *v.* AVERY.

5-677                                    280 S. W. 2d 229

Opinion delivered June 13, 1955.

*M. P. Matheney* and *Wright, Harrison, Lindsey & Upton,* for appellant.

*T. O. Abbott,* for appellee.

GEORGE ROSE SMITH, J.   The principal question in this case is whether a certain conditional sales contract, now attacked by the appellee for usury, was executed before or after the decision became final in *Hare* v. *General Contract Purchase Corp.,* 220 Ark. 601, 249 S. W. 2d

973. That decision overruled a series of earlier cases but stated that the new rule would apply only to transactions entered into "after this opinion becomes final." The contract now before us would have been valid under the theory that formerly prevailed but would be usurious and void under the doctrine announced in the *Hare* case. The chancellor held the agreement to be usurious and granted the plaintiff's prayer for cancellation.

The opinion in the *Hare* case concededly became final when the petition for rehearing was denied on June 30, 1952. We know, without proof, that the court's action was announced within a few minutes after nine o'clock on the morning of June 30. Supreme Court Rule 1. Late that afternoon the appellee bought a car on credit and executed the contract which he now contends to be void for usury. It is his position that since the purchase was made several hours after the court's announcement of its action, the case falls within the new principle adopted by this court.

In answer to this argument the appellant relies upon the familiar rule that the law is not concerned with fractions of a day. Hence, it is said, the former opinion did not become final until the end of June 30. The flaw in this argument is that the appellant would have us disregard the wrong fraction of a day. When a change in the law becomes operative upon a certain day, the rule as to fractions of a day results in that entire day being included in, rather than excluded from, the operative effect of the new law. For example, a statute which contains a valid emergency clause is effective during the whole day on which it is approved by the governor. *Lee Wilson & Co. v. Wm. R. Compton etc. Co.*, 103 Ark. 452, 146 S. W. 110. Again, where a city fireman died before eight o'clock in the morning it was held that his widow was entitled to a pension under an ordinance adopted later in the day, since the law was regarded as being in force for the entire day. *McLaughlin, Trustee, v. Lovett*, 204 Ark. 708, 163 S. W. 2d 826. Thus under the principle advanced by the appellant the *Hare* opinion became final at the

first moment of June 30, not at the last moment of that day.

It is also insisted that to apply the new rule of the *Hare* case to the activities of June 30 would in practical effect deprive the appellant and other lenders of any notice that the law had been changed. It is plain, however, that ample notice was actually given. The original *Hare* opinion was announced on May 26. Had no petition for rehearing been filed it would have become final at the expiration of seventeen days. Supreme Court Rules 20 and 22. Hence if the appellant was deliberately relying upon the old law more than a month after this court had issued its warning, this lender must have known that a petition for rehearing was pending and must also be taken to have known that the opinion would be final during the entire day in which that petition was acted upon.

The remaining contention, that the appellee should not be permitted to keep the car upon cancellation of the purchase agreement, was rejected in *Universal C. I. T. Credit Corp.* v. *Stanley,* 225 Ark. 96, 279 S. W. 2d 556, and need not be reexamined.

Affirmed.