UNITED-BILT HOMES *v.* KNAPP.

5-3589                                         396 S. W. 2d 40

Opinion delivered November 8, 1965.

[Rehearing denied December 13, 1965.]

*Patton & Brown, Smith, Williams, Friday & Bowen,* By: *John T. Williams & Frank Warden, Jr.,* for appellant.

*Murphy & Arnold, Ivan Williamson,* for appellee.

PAUL WARD, Associate Justice. The principal issue on appeal involves the question of usury, but another issue is also raised. The statement of facts set out below will suffice to show how these issues arose.

Mr. and Mrs. O. H. Knapp (two of the appellees, hereafter sometimes referred to as purchasers) contracted with United-Bilt Homes, Inc. (appellant, sometimes referred to as builder) to erect a home on their land in Stone County. The printed building contract (dated March 27, 1962) obligated the builder to construct an "Alexander house expanded" according to "plans and specifications attached hereto" [but none are attached in the record], and it obligated the purchasers to pay the sum of $10 in cash and the balance of $.............. in "90 monthly installments of $48.69 each." The purchasers, on March 27, 1962, signed a note for the principal sum of $4382.10, payable $48.69 per month (beginning June 1, 1962) "until total indebtedness is paid."

Pursuant to the above, a house was constructed. The Knapps moved in and made only two monthly paymants when a dispute and litigation ensued as set out below.

Litigation began in circuit court (later transferred to chancery court) when Hugh Younger and H. R. Bauerlein sued the Knapps and appellant to collect $560 due them for labor and to perfect a lien therefor on the property. They also asked for an attorneys' fee. This claim was controverted by all the defendants. Appellant filed a cross-complaint against the Knapps alleging a default in payments and asking for judgment and a sale of the property. In answer to the cross-complaint the Knapps, among other things, alleged the note given by them to appellant was usurious.

A trial on the issues resulted in the following decree: that Younger and Bauerlein have judgment against

942

appellant for $420 and a $75 attorneys' fee, with a lien on the property to secure the same; that the said note is void for usury and all indebtedness evidenced thereby is cancelled and set aside.

Appellant here contends: *One,* the judgment and lien in favor of the laborers is not supported by the evidence; *Two,* the note is not usurious, and; *Three,* the Knapps are not entitled to retain the house even if the note is held to be usurious.

*One.* We cannot say the weight of the evidence does not support the chancellor in finding Younger and Bauerlein were entitled to receive $420 (less $194 placed in the registry of the court by appellant) for their labor in helping erect the house. There was some dispute over the quality and extent of their work but it is not disputed that they are entitled to some amount. Bauerlein testified they worked 280 hours and that their services were worth $2.00 an hour—the court allowed only $1.50 per hour. It is admitted there was no written contract specifying the hourly wage. The court was right in holding the judgment to be a lien on the property, if it is not paid by appellant who is primarily liable.

*Two.* The principal dispute is over the question of whether the note is usurious. The question is presented to us in a somewhat novel way. Usually the note itself contains the questionable items constituting what is often referred to as "closing costs." Here, the note contains no such items, so they must be gleaned from the record. As the question comes to us it could be exceedingly complicated were it not for the frank and able manner in which it was handled by the attorneys, for which they are to be congratulated.

Since we have reached the conclusion the trial court must be affirmed on this point, we will take the figures relied on by appellant, as set out below:

(a) Selling price of the home (being the basic cost of the home plus three extra items, and minus the $10 paid by the Knapps)                    $2,770.00

| (b) | Title Insurance | 40.00 |
| (c) | Recording of Mortgage | 2.25 |
| (d) | Attorneys Fee | 5.00 |
| (e) | Appraisal Fee | 24.00 |
| (f) | Fire Insurance | 146.26 |
| (g) | Credit Life Insurance | 131.46 |
| | | $3,118.97 |

It is further conceded by appellant, with commendable candor, that if item (g) above is not a proper charge then the interest charged is over 10% and the note is therefore usurious, it also being conceded that the rate charged in the note amounts to 9.93%.

In our opinion the inclusion of said item (g) was erroneous. The undisputed proof shows that appellant did *not* pay for this item as it did for all the other items listed, and in fact such is conceded by appellant. The effect of the improper inclusion of item (g) was to allow appellant to collect interest on money which it did not pay out, i.e., did not advance to the Knapps.

The court is also of the opinion that item (e) was improperly charged as closing costs. The undisputed evidence shows that the house was never inspected, and that no attempt to inspect it was made until the building was completed. Under these circumstances it can hardly be said appellant paid the $24 for the benefit of Knapps.

So that this opinion will not be misconstrued, and so that appellant may not be unduly restricted in its operations hereafter, we wish to explain: (a) Appellant has a right to add to the price charged for the construction of a house proper "closing costs" items; (b) Appellant has the right to pay for these items, and treat them as a part of the principal debt on the total amount; (c) We do not mean to hold that appraisal fees and premiums for life insurance can not, under any circumstances, be charged as proper "closing costs."

*Three.* Finally, we find no merit in appellants' contention that, even if the note is found to be usurious, the Knapps should *not* be allowed to keep the house. This

944

Court has held contrary to that contention in *Universal C. I. T. Credit Corp.* v. *Avery,* 225 Ark. 190, 280 S. W. 2d 229; *Universal C. I. T. Credit Corp.* v. *Stanley,* 225 Ark. 96, 279 S. W. 2d 556, and; *Sloan* v. *Sears, Roebuck & Co.,* 228 Ark. 464, 408 S. W. 2d 802. Appellant is aware of what our holdings in this respect have been heretofore, but asks us to now re-examine the same. For several reasons we do not feel inclined to do so. In the first place we think that for this Court to make the change suggested by appellant would be to violate the spirit, if not the letter, of Ark. Stat. Ann. § 68-609 (Repl. 1957). In the second place it would render the Constitutional provision against usury practically ineffective. If the seller of an article on a usurious contract knew he could, if caught, repossess the same, he obviously would be more inclined to take a chance.

Finding no error the decree of the trial court is affirmed.

Affirmed.