WORTHEN BANK & TRUST CO. v. DANIEL A. MOSSER

5-4615                                                    432 S.W. 2d 8

Opinion Delivered September 16, 1968
[Rehearing denied October 28, 1968.]

*Wright, Lindsey & Jennings* by *Isaac A. Scott Jr.* for appellant.

*Phillip W. Ragsdale* for appellee.

JOHN A. FOGLEMAN, Justice.   Appellant, as assignee of a conditional sale contract between appellee Mosser as buyer and Bill Short Motors as seller, seeks reversal of a decree cancelling the contract for usury. We agree that the contract was not usurious, and reverse the decree of the trial court.

Mosser negotiated with a salesman of the automobile agency for the purchase of an automobile.   Agreement was reached on April 22, 1967, after business hours.   This agreement contemplated payment of a purchase price balance of $2,200.00 in 30 monthly installments.   The purchaser signed a printed conditional sale contract form without the blanks filled in because no secretaries were then available to type the information in the blanks.   He also signed a Motor Vehicle Purchase Order which showed a contract balance of $2,588.40 to be paid in 30 monthly installments of $85.28 each.   This total included an item of $63.96 for credit life insurance which did not appear on this order when signed, although this amount was necessary to make the total contract balance.   The chancellor's finding that credit life insurance was not requested or authorized by Mosser is not clearly against the preponderance of the evidence.   The blank form signed by Mosser contained a block entitled "Election To Include Credit Life Insurance" which was not signed by Mosser.   It was contemplated at all times that the contract would be assigned to appellant.   Before it was actually delivered to the bank, the automobile agency's sales manager discovered this omission of Mosser's signature on the credit life election.   He signed the purchaser's name to this election, and claims that the total to be paid by the purchaser and the amount of the payments indicated to him that credit life insurance premiums were to be included.   When the contract was filled in, it was

submitted to appellant which then refused to purchase it because it doubted Mosser's ability to make the payments the contract provided for, *i.e.*, $85 per month. Thereafter, Mosser persuaded one of the bank's officials to accept the contract and it was then transferred to the bank.

Some time elapsed between the delivery of the original contract to appellant and the delivery of copies to the purchaser. When he did call for his copies, both the copy for his own use and the copy to be filed with the Motor Vehicle Division of the Department of Revenues showed an item of $63.96 for credit life insurance added to the unpaid cash sale price balance. It also clearly showed the name of Mosser signed to the form for election to include credit life insurance. A credit life insurance certificate was delivered to Mosser at the same time.

Appellee claims that he did not examine the papers delivered to him until sometime in November 1967 when he was advised by the Motor Vehicle Division that there was some discrepancy in the serial number of the vehicle. Mosser then discovered that someone had signed his name on the election to include credit life insurance. He promptly advised an official of appellant that he had not signed this election. This officer stated that the amount of this premium would be refunded if he had not elected to take the insurance and recognized the right of the purchaser to cancel this insurance. Mosser declined this offer and instituted this action to cancel the contract for usury. Mosser made all payments coming due prior to institution of the suit. The chancellor found that the item added should be treated as interest, that this made the contract usurious and decreed its cancellation.

This case is controlled by *Universal C.I.T. Credit Corp.* v. *Hudgens,* 234 Ark. 1127, 356 S.W. 2d 658, 660. The finance charge would have been usurious if the amount of the credit life insurance premium was an item actually constituting a part of the charge for the loan or

forbearance. It cannot be said that the dealer was the lender since it declined to make the sale until Mosser persuaded appellant to accept an immediate transfer. Thus, an item included by it in the total cannot be said to be a charge for its forbearance. On the other hand, there is no evidence to show that appellant, who must be considered as the actual lender in this case, received any part of the credit life premium or that it had any information whatever about the unauthorized act of the dealer's employee in signing appellee's name to the election of credit life insurance, or that it acted collusively in the transaction. While the act complained of may well have been fraudulent, we find no usury on the authority of the case above cited.

The bank offered to refund the amount of this premium to Mosser. He should have credit for this amount, together with its proportionate part of the total finance charge. It also appears that appellee was permitted to make certain payments on the contract to be paid as directed by the court. For this reason it is necessary that this case be remanded for action by the trial court not inconsistent with this opinion.

Reversed and remanded.