Edward POOLE *v.* Noah BATES and
Pate PEARSON d/b/a
BATES-PEARSON AUTO SALES

74-285                                          520 S.W. 2d 273

Opinion delivered March 10, 1975

*Hodges, Hodges & Hodges*, for appellant.

*Boyett and Morgan, P. A.*, for appellees.

CARLETON HARRIS, Chief Justice. Appellees, Noah Bates and Pate Pearson d/b/a Bates-Pearson Auto Sales, sold an automobile to Edward Poole, appellant, Poole signing an installment contract. As typed, the contract called for 24 equal payments of $84.47, which would make a total payment of $2,072.28. Included in the figures was a charge for $55.94 for credit life insurance. The interest charged was 10%. Appellees instituted suit in August, 1972 alleging that after allowance of credits, Poole was indebted to appellees in the sum of $1,489.11, for which judgment was sought, together with an attorney's fee and costs of the collection. Poole answered alleging that the contract was in violation of the usury provision of the Arkansas Constitution;[1] other defenses were interposed, but on appeal, only the usury defense is argued. On trial, the court held that the contract was not usurious, and judgment was entered for the amount sought, together with an attorney's fee, and costs of the suit. From the judgment so entered, appellant brings this appeal.

The principal contention for reversal is based upon the credit life insurance premium. The premium was $55.94, and appellees placed this insurance with an insurance agency; appellees, however, received 35% of the credit life insurance premium as a commission, this amount being in addition to the other moneys under the contract, i.e., the premium was included in the total prior to determining the monthly amount of payments. Accordingly, interest on the commis-

---

[1]Arkansas Constitution, Art. 19, § 13.

sion received by appellees was called for in the monthly payments, and it is appellant's contention that appellees were not entitled to receive interest on that portion of the premium constituting a commission, and since the payments under the contract called for a full 10% interest, that instrument is therefore usurious.

Admittedly, this court has not passed directly on this question, though appellant argues that certain of our cases indicate that the interest charged on the commission made the contract usurious. *Universal CIT Credit Corp.* v. *Lackey*, 228 Ark. 101, 305 S.W.2d 858, *United Bill Homes* v. *Knapp*, 239 Ark. 940, 396 S.W.2d 40, *Ragge* v. *Bryan*, 249 Ark. 164, 458 S.W.2d 403.

Appellant cites the Annotation at 91 ALR2d 1344, "Usury: requiring borrower to pay for insurance as condition of loan", as follows:

"In determining the usurious nature of a loan contract containing a provision whereby the lender, which was not an insurance company, required the borrower as a condition of the loan to pay for insurance in addition to the full legal interest, the fact that the lender retained as a commission a portion of the insurance payment made by the borrower or that it in some other respect made a profit by means of the insurance provision has been considered in many cases as a factor supporting a finding of the lender's intent or device to cover usury."

Of course, in all of our cases since *Hare* v. *General Contract Purchase Corp.*, 220 Ark. 601, 249 S.W.2d 973, the court has particularly scrutinized every phase of a transaction that might conceivably be a cloak for usury, and it is true that the manner of the insurance charge has been closely examined, for any violation of standards set out in our cases would necessarily involve an unlawful charge and/or an unlawful profit. But we do not agree that the commission herein involved, though, as pointed out in the annotation, a factor to be considered, makes this particular contract usurious. In the first place, this is not a case where the purchaser was com-

pelled to purchase insurance before appellees would finance the purchase of the car; i.e., it was not a charge made for the purpose of allowing them more interest. Rather, it appears that appellant requested this insurance. In the next place, there is no contention that the insurance charge was excessive. In other words, it was a *bona fide* transaction. The charge for insurance was paid and appellant received the benefit requested. The rebate itself was not illegal, nor is there any reason, since appellant asked for the insurance and received exactly what he requested, why such should be illegal. After all, there could be no difference to appellant in purchasing the insurance through appellees, and purchasing it from some company across the street or elsewhere, i.e., there is no showing that the premium would have been less. So long as there is no element of fraud, nor duress or compulsion upon the borrower to take the insurance from the lender, we see no reason why the automobile agent is not as entitled to represent the insurance company, and accordingly receive a commission, as anyone else. In other words, no *unlawful* charge or profit is involved.

Appellant also argues that the figure on the face of the contract ($2,772.28) reflects a usurious charge. While this figure is actually incorrect, as will be mentioned hereafter, neither the $2,772.28 nor the correct figure, $2,072.28, has any bearing on this case. The figure mentioned reflects the sale price of the automobile, but an allowance of $700.00 was given for a trade-in and the finance charges are not at all based on this figure. Using the first figure and deducting $700.00 leaves the sum of $2,072.28, reflecting an unpaid balance of $1,830.94 and finance charge of $196.34. The installment sales contract and note reflect that both the typewritten $2,772.28 figure and the $2,072.28 typewritten figure were stricken and the figures $2,727.28 and $2,027.28 were respectively inserted by hand. The evidence does not reflect when this was done, whether in the presence of Poole or after he had left the company office. Mr. Pearson stated that he did not remember but that the figure was changed upon observing it was incorrect. Poole did not testify. Of course, the burden is upon appellant to establish usury. *Knox* v. *Goodyear Stores*, 252 Ark. 530, 479 S.W.2d 875.

As stated, the total price for the automobile including the trade-in is not involved, for the finance charge is only added to the balance due on the automobile after allowing for such trade-in. It seems very clear that a typographical error was made for the installment sales contract calls for 24 payments of $84.47 and this totals $2,027.28, so that it is only necessary that the 24 payments be totaled in order to determine the correct figure. Actually, it appears that the typist, in each instance, transposed the figures 7 and 2. This does not constitute usury.

Affirmed.