## Earl McKNIGHT *v.* ARKANSAS STATE HIGHWAY COMMISSION

78-230                                        576 S.W. 2d 209

### Opinion delivered February 5, 1979
### (Division II)

*W. Q. Hall,* for appellant.

*Thomas B. Keys* and *Philip N. Gowan,* for appellee.

DARRELL HICKMAN, Justice. The summary decree granted in this case by the chancellor must be reversed because material questions of fact remain unresolved. It was incumbent upon the appellee in this case, the Arkansas State Highway Commission, to show that there was no issue of fact. *Robinson* v. *Rebsamen Ford, Inc.,* 258 Ark. 935, 530 S.W. 2d 660 (1975).

The Highway Commission filed suit in the Chancery Court of Madison County seeking a mandatory injunction against Earl McKnight, Jr., the appellant. McKnight owns

property on which is located a commercial enterprise; it is adjacent to a paved state highway, State Highway No. 68-3, in Huntsville, Arkansas. McKnight had been asked to make an application for an access driveway to his property and in conjunction with that application to build a proper and approved access to the highway. McKnight has frontage on the highway of some 250 feet or more, the exact frontage being in dispute. McKnight conceded that he had refused to apply for the permit, objected to the injunction and raised several constitutional questions.

The Highway Commission in its petition simply alleged that it had no adequate remedy at law and would suffer irreparable harm if the injunction were not granted. McKnight denied those allegations, specifically stating that only conclusions had been alleged. The Highway Commission moved for summary decree and, according to the pleadings, recited that Highway Commission regulations required adjacent owners to have properly approved access and that its only remedy at law is criminal in the nature of a fine of not less than $5.00 nor more than $100.00. Ark. Stat. Ann. § 76-201.5 (Repl. 1957).

We agree with McKnight that there are only general allegations of irreparable harm and an inadequate legal remedy which are not supported by adequate proof. McKnight has controverted these allegations by stating that he has always used his property adjacent to the highway without any danger to the public, and that because his property is level with the highway he should not be required to build an access.

The chancellor should not have granted a summary decree in view of the disputed facts that exist. The fact that McKnight refuses to apply for a permit, along with general allegations of inadequate remedies and irreparable harm, without proof, do not warrant such action.

The Highway Commission in this case sought a remedy that is certainly one of several possible remedies. In *Hickinbotham* v. *Corder*, 227 Ark. 713, 301 S.W. 2d 30 (1957), *cert. denied* 355 U.S. 841, 78 S. Ct. 61, 2 L. Ed. 2d 48 (1957), we

discussed the conditions that must exist before an injunction can be granted where legal remedies of a criminal nature exist. First, it must be shown that the remedy at law is inadequate and incomplete to affect relief. Second, it must be shown that an injury of a public nature exists that would warrant a chancery court assuming jurisdiction for purposes of granting an injunction.

We find these two conditions have not been met in this case so as to warrant a summary decree.

Reversed and remanded.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.