The Honorable Robert Dittrich Prosecuting Attorney Eleventh Judicial Circuit — East 305 South College Post Office Box 6 Stuttgart, AR 72160
Dear Mr. Dittrich:
You have requested an Attorney General opinion concerning the calculation of the sentence and time to be served by offenders convicted in municipal court of misdemeanors, including driving while intoxicated ("DWI").
You have presented the following questions:
 (1) What comprises "one day" when an individual is sentenced to serve a term of days as a result of a non-DWI misdemeanor conviction in municipal court?
 (2) Is the computation of one day the same when discussing a conviction for DWI?
 (3) Does the sentencing court have discretion to determine what constitutes one day?
 (4) Is there statutory or case authority for the contention that any part of a day served entitles the defendant to credit for a full day against the sentence?
RESPONSE
With the understanding that your questions concern sentences imposed only on offenders convicted of misdemeanors in violation of the Criminal Code, Title 5 of the Arkansas Code, my responses are as follows:
Question 1 — What comprises "one day" when an individual is sentenced toserve a term of days as a result of a non-DWI misdemeanor conviction inmunicipal court?
Your question is whether less than twenty-four hours is sufficient to satisfy a "one day" sentence. I am unable to provide a definitive answer to this question due to the lack of legislation and case law on the issue. In at least two contexts, however, it is my opinion that a part of a day comprises "one day" when an offender is sentenced to a term of days for a non-DWI misdemeanor. Those two contexts are the calculation of the time to be served during a period of "shock incarceration" when an offender receives a suspended sentence or is placed on probation and the calculation of jail-time credit.
Arkansas Code Annotated § 5-4-304(a) (Repl. 1997) provides:
 [i]f the court suspends the imposition of sentence on a defendant or places him on probation, it may require, as an additional condition of its order, that the defendant serve a period of confinement in the county jail, city jail, or other authorized local detentional, correctional, or rehabilitative facility, at whatever time or consecutive or nonconsecutive intervals within the period of suspension or probation as the court shall direct.
Arkansas Code Annotated § 5-4-304(c) (Repl. 1997), in turn, provides that "[t]he period actually spent in confinement pursuant to this section shall not exceed . . . thirty (30) days in the case of a misdemeanor. For purposes of this subsection, any part of a twenty-four-hour period spent in confinement shall constitute a day of confinement." When these statutory provisions are construed just as they read, as they must be,e.g., Majors v. American Premier Ins. Co., 334 Ark. 628, 631,977 S.W.2d 897, 899 (1998), they provide that when an offender's sentence is suspended or the offender is placed on probation, and the offender also is ordered to serve a period of confinement in the county jail or authorized facility, any part of a day spent in confinement constitutes a day for purposes of calculating the time to be served. Section 5-4-304
does not apply to offenders convicted of DWI, however, because suspended imposition of sentence and probation are not authorized sentences for DWI. E.g., Ark. Code Ann. § 5-4-104(e)(1)(A)(iv) (Repl. 1997); Ark. Code Ann. § 5-4-301(a)(1)(D) (Repl. 1997).
In addition, it is my opinion that offenders sentenced to a term of days, not those sentenced to a term of hours, are entitled to a full day's credit against their sentences for any part of a day that they are held in custody before being sentenced.
Arkansas Code Annotated § 5-4-404 (Repl. 1997) provides that "[i]f a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence."[1] The Arkansas Supreme Court has interpreted this provision to mean that credit should be given for all time spent in custody only for the offense for which the offender is sentenced, e.g.,McGirt v. State, 289 Ark. 7, 13, 708 S.W.2d 620, 623 (1986), but neither the Court's case law nor the Criminal Code indicates how the "time spent in custody" is to be calculated.
The common law in force at the time a statute is passed, however, is to be taken into account when construing a statute. E.g., Nelson v. State,318 Ark. 146, 152, 883 S.W.2d 839, 842 (1994). The common-law rule in Arkansas is that the law does not recognize parts of a day. E.g.,McLaughlin v. Lovett, 204 Ark. 708, 712, 163 S.W.2d 826, 828 (1942); seealso 2 W. Blackstone, Commentaries on the Laws of England * 141 (Lewis Edition 1902) (stating that "the law generally reject[s] fractions of a day"). Thus, a part of a day is treated as an entire day. See, e.g.,Universal C.I.T. Credit Corp. v. Avery, 225 Ark. 190, 191,280 S.W.2d 229, 230 (1995); see also 86 C.J.S. Time § 11, at 580 (1997) (stating that under the general rule, "any fraction of a day is deemed a day"). When this common-law rule is used to calculate the credit to which an offender is entitled, the offender should receive a day's credit for every part of a day served before being sentenced. Other states have reached similar conclusions when calculating jail-time credit. E.g.,State v. Carnegie, 174 Ariz. 452, 454, 850 P.2d 690, 692 (Ct.App. 1993); People v. Smith, 211 Cal.App.3d 523, 526, 259 Cal.Rptr. 515,516-17 (3rd Dist. 1989); People v. Johns, 130 Ill.App.3d 548, 549,474 N.E.2d 739, 740, 85 Ill.Dec. 779, 780 (5th Dist. 1984).
Question 2 — Is the computation of one day the same when discussing aconviction for DWI?
In my opinion, the answer to this question is "no," at least when the offender is sentenced to serve the minimum term of twenty-four hours' imprisonment.
Arkansas Code Annotated § 5-65-111(a) (Repl. 1997), part of the Omnibus DWI Act, provides that
 [a]ny person who pleads guilty, nolo contendere, or is found guilty of violating § 5-65-103 may, for a first offense, be imprisoned for no less than twenty-four (24) hours and no more than one (1) year, except that the court may order public service in lieu of jail, and, in such instance, the court shall include the reasons therefor in its written order or judgment.
It is my opinion that an offender convicted of first-offense DWI and sentenced to a term of twenty-four hours' imprisonment must be imprisoned for a minimum of twenty-four hours and is not entitled to twenty-four hours' credit for serving a part of that twenty-four-hour period prior to being sentenced for DWI. This is in contrast to my opinion, see RESPONSE
to Question 1, with respect to non-DWI misdemeanants sentenced to a term of days.
There are at least two reasons for concluding that a DWI offender is not entitled to receive twenty-fours of credit for serving only part of a twenty-four-hour period. First, Ark. Code Ann. § 5-65-111(a) states that an offender convicted of first-offense DWI must serve a minimum term of twenty-four hours' imprisonment. This is in contrast to the general statutory provision governing terms of imprisonment for classified misdemeanors, Ark. Code Ann. § 5-4-401(b)(1)-(3) (Repl. 1997), which provides for no minimum term of imprisonment and appears, consistently with the common-law rule previously discussed, see RESPONSE to Question1, to count misdemeanor sentences by days, rather than by hours. By specifying a minimum term of imprisonment in hours, the legislature no doubt expressed its intent that sentencing under the Omnibus DWI Act is to be treated differently than sentencing for classified misdemeanors.[2] See, e.g., Munhall v. State, 337 Ark. 41, 43,986 S.W.2d 863, 864 (1999) (holding that different terms used in different statutes have different meanings); see also Ark. Code Ann. §5-4-401(b)(4) (Repl. 1997) (providing that term of imprisonment for non-classified misdemeanors, of which DWI is one, is in accordance with statute defining that misdemeanor).
The second, and perhaps more important, reason I have concluded that a first-time DWI offender must serve a twenty-four-hour term of imprisonment is the common-law calculation of hours. As I have already indicated, the common law is to be taken into account when construing a statute. Although Arkansas apparently has no common law on the issue, it is appropriate to look to the common law of other states in determining how statutory hours are to be calculated. E.g., Dougan v. State,322 Ark. 384, 389, 912 S.W.2d 400, 403 (1995) (sources of common law to be used in construing statutes are Arkansas cases, early English cases, and cases from other states). The common law appears to be that "[t]he general rule that fractions of days are not recognized in law does not apply to acts or proceedings under statutes containing requirements measured in hours." 86 C.J.S. Time § 12, at 583 (1997). In other words, when a set number of hours is specified, a fraction of those hours will not serve as the whole, in contrast to a fraction of a day serving as the whole. Applied to determine how long a DWI offender sentenced to a twenty-four-hour term of imprisonment must serve, this rule requires that the offender serve the entire twenty-four-hour sentence and, thus, prohibits the offender from receiving twenty-four hours' credit for serving less than that amount of time.
Additionally, as I have already stated in my RESPONSE to Question 1, a DWI offender cannot be sentenced to a period of "shock incarceration" pursuant to § 5-4-403 and, thus, its provision governing the calculation of sentences does not apply to those convicted of DWI.
Question 3 — Does the sentencing court have discretion to determine whatconstitutes one day?
In my opinion, the answer to this question should be "no," but it may not be as a practical matter.
As the Arkansas Supreme Court noted in State v. Townsend, 314 Ark. 427,429, 863 S.W.2d 288, 289 (1993), "[t]he Arkansas Criminal Code, enacted in 1975, had, among its purposes, statewide uniformity in sentencing." Moreover, that Court has repeatedly held that sentencing in Arkansas is entirely a matter of statute. E.g., Cody v. State, 326 Ark. 85, 86,929 S.W.2d 159, 159 (1996). Consistently with these principles, determining "what constitutes one day" for a sentence under the Criminal Code should be uniform and not dependent upon the discretion of individual judges.
Question 4 — Is there statutory or case authority for the contention thatany part of a day served entitles the defendant to credit for a full dayagainst the sentence?
In my opinion, the answer to this question is "yes." An offender sentenced to a term of days is entitled to one day's jail-time credit for any part of a day the offender spent in custody before being sentenced.See RESPONSE to Question 1.
Assistant Attorney General Vada Berger prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:VB/cyh
[1] In contrast to Ark. Code Ann. § 5-4-404, Ark. Code Ann. §16-93-610(b) (1987) provides that the award of jail-time credit is not mandatory, but is within the discretion of the sentencing judge with a few exceptions not relevant here. See, e.g., Barnes v. State,258 Ark. 565, 576-77, 528 S.W.2d 370, 377-78 (1975); Shelton v. State,255 Ark. 932, 933, 504 S.W.2d 348, 349 (1974). Even if § 16-93-610(b) applies to misdemeanants, § 5-4-404 controls because, among other reasons, the General Assembly enacted § 5-4-404
after § 16-93-610(b). See, e.g.,Johnson v. State, 261 Ark. 13, 14, 545 S.W.2d 639, 640 (1977) (when two statutes on same subject conflict, act passed later prevails). Indeed, since the enactment of the Criminal Code, the Arkansas Supreme Court has treated § 5-4-404 as controlling the calculation of jail-time credit.See, e.g., Boone v. State, 270 Ark. 83, 85, 603 S.W.2d 410, 412 (1980).
[2] Although you have only asked about DWI offenders, second-time boating-while-intoxicated offenders also are subject to a minimum term of hours of imprisonment. See Ark. Code Ann. § 5-76-102(c)(2)(A)(ii) (Repl. 1997).