The Honorable Randy Laverty State Senator P.O. Box 165 Jasper, Arkansas 72641
Dear Senator Laverty:
I am writing in response to your request for an opinion, made on behalf of the Harrison Fire Department, on whether a proposed millage increase levied under the authority of Arkansas Constitution, Amendment 31 for the Harrison Fire Pension Fund could be implemented with a "sunset clause." Specifically, you note that the Harrison Firefighter's Pension Board is investigating the possibility of asking the voters to approve a ballot measure that would increase the pension fund millage from .4 mills to 1 mill under the authority of Amendment 31. Their question is whether they can seek this millage increase with an accompanying sunset clause on the measure.
RESPONSE
Although state law does not specifically address this issue, it is my opinion that the answer to your question is "no."
Amendment 31 to the Arkansas Constitution provides as follows:
 After consent of the majority of those voting on the question at any general or special election in cities of the first or second class, the cities may annually thereafter, levy a tax on the assessed value of real and personal property, not to exceed two mills on the dollar, from which there shall be created a Fund to pay Retirement Salaries and pensions to policemen and firemen theretofore or thereafter earned, and pensions to the widows and minor children of such, as may be provided by law. The annual levy for the Policeman's Retirement Salary and Pension Fund shall not exceed one mill on the dollar, and the annual levy for the Fireman's Retirement Salary and Pension Funds, shall not exceed one mill on the dollar. The manner of such levy of the tax, and the eligibility for the retirement salaries and pensions, the several amounts thereof and when payable, shall be such as may be provided by law.
(Emphasis added).
The amendment above was adopted at the general election in November, 1940. It contemplates an "annual levy" of the millage. The General Assembly adopted enabling legislation for this amendment in January of 1941 (Acts 1941, No 14 regarding firefighter pensions), currently codified, as amended, at A.C.A. § 24-11-812 (Repl. 2002). That statute provides in pertinent part as follows:
 (a)(1) After being once approved by a majority of those voting on the question at any general or special election of any city of the first or second class, a tax not to exceed one (1) mill on the dollar upon the assessed value of the real and personal property in the city shall be levied annually by the city for the purpose of paying fire fighters' retirement salaries and pensions, and pensions to the widows and minor children of deceased fire fighters and the widows and minor children of deceased retired fire fighters.
 (2) The levy shall be made by the city council, or other governing body of the city, on or before the time fixed by law for levying county taxes, and the city council or other governing body shall make out and certify to the county clerk the rate of taxation levied by the municipal corporation on the real and personal property within the city.
 (3) The amount so certified shall be placed upon the tax book by the county clerk of the county and collected in the same manner that state and county taxes are collected. This amount shall be turned over to the board of trustees of the firemen's relief and pension fund of the city, as created under Acts 1921, No. 491.
This statute also refers to an "annual levy" of the millage. No provision is made for a sunset clause or for reducing or abolishing the levy.
As originally adopted in 1941, the act required the board of trustees of each firemen's pension fund to certify, before October 1st of each year, the amount of money necessary to pay "retirement salaries and pensions to firemen, and pensions to the widows and minor children of deceased firemen, and widows and minor children of deceased retired firemen. . . ." The board was then responsible for making "its levy against the real and personal property of such city sufficient to raise and provide the sum of money estimated and certified by the "Board," but not exceeding one mill. Acts 1941, No. 14, § 3. Thus, as originally adopted, state law authorized the board of trustees to vary the annual millage rate from year-to-year depending upon the funds required for that year. The Arkansas Supreme Court held in 1942, therefore, that considering there were additional sources from which to pay firemen's pensions, ". . . there may be occasions . . . when it becomes unnecessary to levy and collect any part of the additional one mill tax in order to pay all eligible pensioners." McLaughlin, Trustee v. Lovett,204 Ark. 708, 714, 163 S.W.2d 826 (1942). As originally enacted and interpreted, the law would have allowed a city to decline to levy any millage in a particular year, despite the levy having been approved by the voters.
This provision of the Act was repealed, however, in 1983. See Acts 1983, No. 49. The emergency clause of the 1983 act stated in part that: "Act 14 of 1941 has been interpreted by some of the Firemen's Pension and Relief Funds as limiting the annual millage levy to the amount of actual benefits to be paid in a given year . . . and that this Act is necessary to carry out the legislative intent that all Firemen's Pension and Relief Funds be authorized to levy the full millage as prescribed by law to support these pension funds." In repealing this section of the Act, however, the legislature of 1983 left the statutory scheme devoid of any method to reduce or abolish the levy. The remaining portion of the applicable statute simply refers to the millage as an "annual levy" and states that "after being once approved" it "shall be levied annually by the city. . . ."
I cannot conclude, therefore, that state law currently authorizes a sunset clause on the millage authorized by Amendment 31 and A.C.A. §24-11-812. This is particularly true where the subject matter of pensions is specifically designated as a "state affair" and excluded from a city's power of local legislation. See A.C.A. § 14-43-601(a)(1)(F) and A.C.A. §14-43-602. Legislative clarification may be indicated to remedy the statutory scheme in question.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh